Bichaedson, Ch. J.,
delivered the opinion of the court:
The only controversies in this case at the present time are among attorneys and others as to the distribution of fees to be allowed, and as to the right to appear as attorneys of record.
The original petition was made and filed March 6,1891, by Joseph Daniels, who died April 12, 1892.
In 1888 said Daniels and Thomas Ball, attorneys of this court, and Isaac B. Hitt, not an attorney of this court, entered into a written agreement for the prosecution of certain Indian depredation claims and to share alike in all fees agreed to be paid by the claimants, which agreement was as follows:
*70 “Article of agreement made and entered into this eighth day of Mareb, A. D. 1888, between Thomas Ball, of Behoboth. Church, Northumberland County, Virginia, and J. Daniels. of Washington City, D. O., and Isaac B. Hitt, of Chicago,. Illinois, witnesseth:
“Whereas, said Ball holds powers of atty. and contracts with certain claimants for claims growing out of Indian depredations in the State of Texas, to wit, with C. W. Cooper, C. C. Cooper, Spencer Beavers, A. B. Median, James P. Lindsey, C. L. Carter, D. Cretzinger, J. C. Loving, H. P. Cretzinger, Wm. Beddo, Nathan Watson, H. D. Drum, J. M. Crutchfield, and C. T. Hazelwood, relating to certain claims now pending before the Departments or before Congress, and
“Whereas, said Daniels is associated with said Ball to certain extent in said cases, and
“Whereas, said Hitt has been requested by all of said parties to assist them in these claims and holds the powers of atty. for most of them, and
“ Whereas, said assistance has been rendered and will continue to be by said Hitt, it is understood and agreed by and between the parties hereto, said Ball, Daniels, <& Hitt, that they shall have a common interest in these claims s.o filed by parties above named, and work in harmony for the adjustment of the same, and the fees agreed to be paid by said claimants shall be equally divided between said Ball, Daniels, & Hitt as fast as the same may be collected.
“ Thos. Ball.
“ Isaac B. Hitt.
“ J. Daniels.”
The claimant gave a power of attorney with power of sub stitution to said Ball who substituted said Daniels, by whom this action was commenced.
May 19,1891, Daniels borrowed money of B. W. Perkins, an attorney of this court, upon a written contract as follows:
“ This agreement made this 19th day of Ma.y, 1891, between Hon. B. W. Perkins, of the one part, and Joseph Daniels of the other part, witnesseth: That whereas the said Daniels is engaged in the prosecution of what are known as Indian depredation claims, under the act of Congress approved March 3, 1891, and whereas the said Daniels has up to this date about forty-four cases of this character of claims, aggregating the sum of about two hundred thousand dollars, and upon which claims the Secretary of the Interior has made allowances under the act of March 5,1885, to the amount of about- eighty thousand dollars, as shown by a catalogue of said claims hereto attached; and whereas the said Daniels is desirous of obtaining money for the purpose of enlarging his *71 business of collecting and prosecuting claims of this kind, as well as to aid bina in tbe prosecution of bis general business in other claims, and whereas tbe said Perkins is willing to engage in tbe collection and prosecution of said Indian depredation claims, and is willing to advance money for tbe purposes aforesaid:
“ blow, therefore, it is hereby mutually agreed by and between the parties hereto, that the said B. W. Perkins will pay to the said Daniels for the purpose aforesaid, the sum of three thousand dollars as follows, to wit: The sum of eleven hundred dollars in hand, upon the execution of this contract, the balance to be paid as needed and called for by the said Daniels; fifteen hundred dollars of which is to be expended in the collection of new cases; and to be paid as needed for that purpose. The balance to be subject to the order of the said Daniels as he may require the same.
“ And the said Daniels hereby agrees on his part, that the said sum of three thousand dollars, so advanced by the said Perkins, shall be returned to him out of the fees of the said allowed cases, and that he shall have in addition one-fourth of all the fees that may be recovered in the said catalogue of cases hereinbefore mentioned, and one-third of all the fees that shall be recovered in any and all new cases collected with the use of the sum of the said fifteen hundred dollars aforesaid. And the said Daniels further agrees to use his best endeavors and all due diligence in the collection of said claims; and further, if at any time from this- date henceforth it shall appear that the business of collecting said claims can not be made profitable, in the opinion of the said Perkins, then, and in that case, no more money shall be called for by said Daniels for that purpose. And the said Daniels further agrees that all cases collected shall be promptly reported to the said Perkins as fast as they shall be received.
“ In witness whereof the parties hereto have set their hands on the day and year first above written.
“ B. W. PERKINS.
“Joseph Daniels.”
At the same time said Daniels gave the following memorandum to said Perkins, who has never moved to be entered attorney of record:
“ Washington, D. (3., May 19, 91.

" To whom it may concern:

“ Hon. B. W. Perkins is hereby made associate counsel and attorney of record in all cases of Indian depredations now on file in the Court of Claims in which I am the attorney, or one. of the attorneys, and all certificates relating to fees may be delivered to him.”
“ J. Daniels.”
*72 August 24, 1891, Daniels entered into a written agreement with W. W. Martin, an attorney of this court, as follows:
“Memorandum of agreement made this 24th day of August, 1891, between Joseph Daniels, attorney at law, of the city of Washington, in the District of Columbia, and W. W. Martin, of said city, witnesseth:
“That whereas the said Daniels is engaged in the prosecution of what are known as Indian depredation claims, under act of March 3,1891, and whereas the said Daniels is desirous of obtaining funds, the better to enable him to prosecute his business, and whereas the said Martin is willing to aid the said Daniels, in the said business, it is therefore mutually agreed by and between the said parties, that the said Martin shall and will loan to the said Daniels, the sum of one thousand dollars ($1,0001, for the purpose aforesaid, the receipt of which is hereby acknowledged; and the said Daniels hereby agrees that he will repay to the said Martin, the said sum of one thousand dollars ($1,000), without interest, out of the fees in certain cases known as preferred cases under the act of March 3,1891, now on file in the Court of Claims, amounting to the sum of eighty thousand' dollars ($80,000), in which the said Daniels is one of the attorneys, and in which Hon. B.. W. Perkins is associate attorney, and has been made the attorney of record to collect the fees therein. A list of which said cases is hereto attached, marked Exhibit A.
“And it is further agreed that in case the interest of said' Daniels in said fees, after paying the share of said Perkins, shall not be .sufficient to pay said sum, then said Daniels agrees to pay the deficiency.
“And the said Daniels, as a further consideration in the premises, hereby agrees with the said Martin to divide with him equally all the fees that can be obtained in the list of cases hereto attached, marked Exhibit B, and in which he, the said Daniels, is the sole attorney, all of which cases are now on file in the Court of Claims, and in which said Daniels agrees to supply the necessary proof.
“The said Daniels further agrees that the above arrangement for the equal division of fees shall extend to all Indian depredation claims, by whites against Indians, which he individually may obtain from the State of Texas, or elsewhere.
“It is further agreed that in all cases in said list contained, as well as those hereafter obtained by said Daniels, said Martin is to be associate attorney, and is hereby designated as the attorney to collect fees. In witness whereof we have hereunto set our hands, this 28th day of August, A. D. 1891.
“W. W. Martin.
“Joseph Daniels.”
*73 Subsequently Perkins made the following assignment:
“For a valuable consideration I hereby sell and assign to W. W. Martin, of Washington, D. C., all my right and interest in and to the above contract. [Of May 19,1891, set out above;]
“Witness my hand, this first day of January, 1892.
“B. W. Pekkins.”
December 14, 1891, Daniels executed the following agreement and power of attorney to Allen Rutherford, an attorney of this court, as trustee:
“ Know all men by these presents, that I, Joseph Daniels, of the city of Washington, and District of Columbia, for and in consideration of the sum of two thousand ($2,000) dollars, lawful money of the United States, the receipt of which is hereby acknowledged, have sold and by these presents do grant, assign, and convey unto Jeremiah C. Lots and Allen Jaqua, of the city of Washington, and District of Columbia, all my right, title and interest in and to the fees due and to become due to me as attorney of claimants in schedule or cat-alogue of allowed cases ‘hereunto annexed and marked A,’ the same being a list of claims for Indian depredations now pending in the U. S. Court of Claims in which I am the attorney of record of the said claimants therein named, and the said list of claims being of the class known as ‘Allowed claims,’ having been heretofore allowed by the Secretary of the Interior, and by him reported to Congress, and which said cases have priority of consideration by the Court of Claims under the proviso of the 4th section of the act of Congress approved March 3rd, 1891, entitled ‘An act to provide for adjudication add payment of claims arising from Indian depredations,-’and I do also grant, assign, and convey unto the said J eremiah C. Lote and Allen Jaqua all my right, title, and interest in and to the fees due and to become due to me as the attorney of claimants therein named in the schedule of claims hereunto' annexed, marked ‘B,’ the same being claims for losses by Indian depredations under the act of Congress approved March 3rd, 1891, and now on file in the Court of Claims, and for the purpose of securing the said Jeremiah C. Lote and Allen Jaqua.
“I do hereby constitute and appoint Allen Rutherford, attorney at law, of Washington, D. C., my true and lawful attorney, irrevocable in my name, place, and stead, for the purpose aforesaid to ask, demand, sue for, and collect all lees due or that may become due to me from each and every one of the claimants on the said schedule named, and do hereby constitute and appoint the said Allen Rutherford as trustee to collect the same, and do hereby authorize and direct him as such *74 attorney and trustee to pay over to tbe said Jeremiah 0. Lotz and Allen J aqua out of the first money so collected from the claimants named in Schedule A the full sum of two thousand ($2,000) dollars, and also to pay the said Jeremiah C. Lotz and Allen Jaqua out of the first money collected from the claimants named in Schedule B the full sum of ten thousand ($10,000) dollars; and it is further agreed and understood that the said Allen Rutherford, as compensation for his services as such attorney and trastee, is to be paid by me the sum of two hundred ($200) dollars out of such moneys as may be collected from the claimants named in Schedule A, and the sum of one thousand ($1,000) dollars out of the moneys collected from the claimants named in Schedule B, and for the purpose of enabling the said Allen Rutherford to receive and collect the fees aforesaid, I agree to substitute him as the attorney of record before the said Court of Claims (I having full authority to make such substitution from each of said claimants), giving and granting unto the said Allen Rutherford as my attorney and trustee, for the purpose heretofore named, full power and authority to do and perform all and every act and thing requisite and necessary as fully to all intents and purposes as I might or could do if personally present, hereby ratifying and confirming all that the said attorney shall lawfully do or cause to be done by virtue thereof. And upon the final payment of the sum of two thousand ($2,000) dollars and the fees of the said Allen Rutherford, the said Rutherford is to surrender to me the substitutions then remaining in his possession in the cases named in Schedule A, and upon the final payment to the said Jeremiah C. Lotz and Allen Jaqua of the sum of ten thousand ($10,000) dollars and the sum of $1,000 to the said Rutherford for his services aforesaid, then the said Allen Rutherford is to surrender to me all the substitutions by him held, and this agreement is to be canceled.
“In witness whereof I have hereunto set my hand and seal this 14th day of December, A. D. 1891.
“Joseph Daniels.”
There is still another assignment of an earlier date, made by Daniels to Seth A. Terry, not an attorney of this court, which is lost but is offered to be proved by secondary evidence. This assignment, alleged to have been executed on or about July 15,1875, (?) assigns to said Terry an undivided one-half interest in all the fees to be obtained by said Daniels, in certain Indian depredation claims named in a contract between Daniels, Ball, and one William Wilson, not an attorney at law, for the prosecution of the same and for sharing in the fees arising therefrom, in consideration of $3,000 paid by Terry to Daniels to enable the latter to prosecute the claims.
*75 The claim of said Beddo, the plaintiff in this case, is one of those named in this assignment, as it is in all the other assignments hereinbefore set out.
William Penn Clarke, an attorney of this court, appears for Terry.
Ara M. Daniels, who has been duly appointed administrator of said Joseph Daniels, by Allen Ruterford,his attorney, moves that the fees which accrued to the deceased in his lifetime be allowed to his administrator.
After the death of Daniels, said Ball, under his original power of attorney, was admitted as attorney of record. Having entered into the employment of the Government and thus having become incapacitated from prosecuting such claims (R. S., secs, 1782, 5498), he substituted, by authority of the power given to him by his power of attorney, Mr. John Critcher, who has become the attorney of record and who alone is now so recognized by the court.
Messrs. Martin, Rutherford as trustee, and Burdett, attorney for said Hitt, severally ask to be made attorneys of record, and W. P. Clarke asks for his client that Terry be recognized by the court to share in the fees of Daniels.
This statement indicates the ramifications to which innumerable controversies among attorneys may extend when they
enter into contracts for the division of fees and make assignments in relation to the same.
The Indian depredation act of March 3,1891, chap. 538, sec. 9 (1 Supp. to R. S., 2d ed., p. 916), provides:
“Sec. 9. That all sales, transfers, or assignments of any such claims heretofore or hereafter made, except such as have occurred in the due administration of decedent’s estates, and all contracts heretofore made for fees and allowances to claimants’ attorneys are hereby declared void,
“And all warrants issued by the Secretary of the Treasury, in payment of such judgments, shall be made payable and delivered only to the claimant or his lawful heirs, executors, or administrators or transferee under administrative proceedings,
“Except so much thereof as shall be allowed the claimant’s attorneys by the court for prosecuting said claim, which may be paid direct to such attorneys, and the allowances to the claimant’s attorneys shall be regulated and fixed by the court at the time of rendering judgment in each case and entered of record as part of the findings thereof;
“But in no case shall the allowance exceed fifteen per cent of the judgment recovered, except in case of claims of less *76 amount than five hundred dollars, or where unusual services have been rendered or expenses incurred by the claimant’s attorney, in which case not to exceed twenty per cent of such judgment shall be allowed by the court.
A rule of the court provides that—
“There shall be but one attorney of record for the claimant at any one time; but a claimant may be.permitted to change his attorney on such conditions as the court may provide. A firm of attorneys will be regarded as the attorney of record.”
This rule was made for the very purpose, among other objects, of avoiding controversies among several attorneys to the inconvenience and annoyance of the court.
The court is of opinion that under the statute and rules only such attorneys as have actually appeared for claimants can be recognized as entitled to allowance of fees. Associate counsel and assignees, and persons otherwise employed, must look for their pay to those with whom they have contracts.
There is no end to controversies in which attorneys may become involved under contracts and assignments. Jurisdiction of issues thereby raised are beyond the scope and object of the act establishing this court. The original act was “to establish a court for the investigation of claims against the Government of the United States.” (Act of February 24,1855, chap. 122, 10 Stat. L., 612.) To go beyond that act and to undertake to adjudicate upon the conflicting claims, legal and equitable, of attorneys and others among themselves, would be to invade the jurisdiction of other courts established to try issues between parties where the United States are not concerned, a jurisdiction never intended to be conferred on the Court of Claims.
The conclusions reached by the court are that under the Indian depredation act the court can make allowance of fees only to claimants’ attorneys who have actually appeared in the prosecution of the claims, and can take no notice of their assignees and creditors, even where money has been borrowed to aid in the prosecution of the claims, nor of those of other persons employed in the cases.
Where several attorneys have, at different times, appeared for claimants, their fees will be apportioned on the entry of judgment in proportion to the value of their services to the claimants.
*77 Attorneys bolding powers of attorney will be recognized as in charge of cases in preference to other attorneys.
It follows that the motions of Martin, Burdett, and Rutherford, trustee, are overruled, and the petition of Terry is denied. The motion of Ara M. Daniels, administrator of Joseph Daniels, will be considered when the question of allowance of fees is before the court for adjudication.
Davis, J., did not sit in the case, and took no part in the decision.