Nott, Ch. J.,
delivered the opinion of the court:
In this case a law firm has applied to the clerk to enter their name — that is, the firm name — on the docket of the court as counsel in the case without producing authority from the attorney of record. The practice of the clerk’s office for many years has been to thus enter the names of counsel at the request or by the authority of the attorney. When counsel are thus noted on the docket, they are recognized as the representatives of the attorney of record, authorized by him to subscribe his name to pleadings, stipulations, notices, etc., and generally to act in his name. The clerk has referred the matter of the present application of counsel for the instructions of the court.
The attorney of record is the only agency recognized by the court in the control and management of a case. The party may conduct his suit in propria persona and he may change his attorney at any time, on such conditions as the court may prescribe; but so long as there is an attorney of record he and he only will control the record and file pleadings and motions on the part of the claimant. (Rules 8 and 9; Stow’s Case, 5 C. Cls. R., 362; 19 Wall. R., 13; Carver’s Motion, 7 id., 479; Desmare’s Mandamus, 9 id., 1; Redfield’s Case, 27 id., 473; Earhart’s Case, 30 id., 343.)
Counsel are members of the bar retained by the attorney of record to assist in the preparation of cases or to argue a case before the court. Their services and responsibilities are individual. A law firm — i. e., a partnership of attorneys for the transaction of legal business — can not be recognized as counsel, *233 though of course the individual members constituting the firm may be. But it is expressly provided that counsel “shall not be entitled to file pleadings, give notices, or make motions.” (Rule 12.) Neither can they make motions in the name of, but without the authority of, the attorney of record. (Ex parte Roberts, 15 Wall. R., 384.)
The services of counsel out of court are entirely between the employer and the employed. (Beddo's Case, 28 C. Cls. R., 69.) In the trial of cases the court accepts the statement of counsel that they have been retained as sufficient, though it is not conclusive.
The practice in the clerk’s office of noting on the docket the names of counsel who have been retained has always been done when requested by the attorney of record. But it is a' matter of convenience and not a necessity; nor is the entry a condition precedent to the employment of counsel; nor is it an entry upon the records of the court which is properly a matter of record. Consequently, it is not an entry which is a. matter of right. When it is requested in writing by the attorney of record, it will be made, but the clerk can not recognize the request of any other lawyer not in control of the record or the oral request of the attorney in charge of the case.
In this court a large part of the business is instituted by nonresident attorneys who employ resident counsel. Conflicts of authority occasionally occur and misunderstandings with distant attorneys not familiar with the practice of the court. It is deemed advisable that the management of cases and the business of the court be so conducted that there shall be as few mistakes and misunderstandings as possible. If there be a written request from the attorney of record that the names of his counsel be entered on the docket, the request goes upon the files of the court and renders that certain which would otherwise be uncertain. The question here is not one of authority, but of authenticity. If the attorney of record should orally request the clerk to make the entry on the docket, it would not accomplish the object of the court. The practice which has heretofore been pursued will therefore be continued; the clerk will enter the names of counsel only upon the written request of the attorney of record.