Jones, Chief Judge,
delivered the opinion of the court:
William A. Cornish and Paul M. Niebell, the attorneys of record for the Chickasaw Nation, and also the defendant in the above cause, move to dismiss for want of jurisdiction the above entitled appeal from an order of the Indian Claims Commission denying appellants the right to intervene and claim a portion of the attorneys’ fees allowed the attorneys of record in the cause.
On July 14,1950, the Commission awarded the Chickasaw Nation a final judgment in the sum of $902,008.11. This sum was appropriated and the judgment paid.
The attorneys of record who prosecuted the case filed an application on February 14,1951, for allowance of attorneys’ fees for services rendered.
On the 5th of February 1951, John L. Fuller and Isabel Fuller Howard filed an application to intervene and have the Commission determine their interest as heirs-at-law of ah attorney who performed legal services for the Chickasaw Nation under previous contracts, the results of which services they asserted were utilized by the attorneys of record in the prosecution of the instant case. The Commission was asked to determine what interest they might have in the attorneys’ fees that would be allowed the attorneys of record.
*43 On March 14,1951, the Indian Claims Commission allowed the attorneys of record $90,000 for their services rendered in the case.
On April 6, 1951, the Commission denied the petition of intervenors on the ground that it had no jurisdiction to ■determine what rights, if any, the intervenors had in the fees .awarded the attorneys of record. The order recited that the ■denial was “without prejudice to the intervenors’ right to assert whatever claim they may have before any tribunal which may have jurisdiction to determine the same.”
From this order of the Commission this appeal has been ■taken.
As background it may be stated the contract of William A. ‘Cornish and Paul M. Niebell, the attorneys of record, was -dated March 25,1947. (A previous contract had been made in 1945 before the Commission was established.) The contract provided for a fee of not to exceed 10 percent of the .-amount recovered as compensation for legal services. The ■contract contained the following provision:
It is further agreed that in the determination of any fee earned under this contract the Indian Claims Commission may determine the amount or amounts of said fee and expenses, if any, due attorneys for services performed under certain contracts with the Chickasaw Nation dated October 20, 1925, and November 24, 1933, and approved by the Secretary of the Interior, January 12, 1926, and April 28, 1934, respectively, or under any approved assignment of any interest therein, and the contract herein made is executed subject to and charged with the services heretofore rendered upon said former contracts and approved assignments therein.
William PI. Fuller was the attorney of record for the 'Chickasaw Nation in the contracts referred to in the quoted provision and Melven Cornish had an approved assignment of a one-half interest in each of the contracts. Fuller died January 24,1941, and Melven Cornish died in 1944. Inter-venors are the sole heirs of William H. Fuller.
The two contracts of William H. Fuller and Melven Cornish covered some other claims, but one of them — the 1933 contract — included the same subject matter involved here. It was at that time, however, a Congressional reference case, it being what is known as the “Leased District Case.” *44 It was referred to the United States Court of Claims to-investigate, make findings of fact and recommendations, and report same to the Congress. It was exhaustively presented and fully considered. The Court of Claims made an adverse report in January 1939, stated that there had been no taking- and that the plaintiffs had no legal or equitable rights; that any appropriation would be as a gift, grant or bounty, which, was in the sound discretion of the Congress. [Congressional No. 17641; 88 C. Cls. 271.]
An effort to secure an appropriation was unsuccessful.
It was generally recognized that additional legislation-would be necessary. Efforts were continued, bills were introduced, and finally in 1946 Congress passed and the President approved the Indian Claims Commission Act, which broadened the grounds of recovery in certain types of Indian claims-cases (Public Law 726, 79th Congress, 60 Stat. 1049).
Pursuant to the terms of that act the Chickasaw Nation, filed the instant case which resulted in the judgment heretofore described.
The intervenors claim that the same facts developed in the* Leased District Congressional case were used in the instant case; that the documents, evidence and records which, after extensive research, were compiled by William H. Fuller and’ Melven Cornish, and Paul M. Niebell, who at that time was in their employ, were lifted bodily from the archives and used' in the instant claim which was successfully prosecuted; that it was in essence all a part of the same transaction and the-intervenors should have been allotted a part of the fee commensurate with the work of Fuller and Melven Cornish.
Appellees claim that the former case failed and was dead,, that under their contract they filed and prosecuted the instant case to a successful conclusion and as the attorneys of record" are entitled to the fee, and that the Indian Claims Commission had no jurisdiction to consider the claims of appellants..
Did the Indian Claims Commission err in refusing to-permit the appellants to intervene ?
We think not.
Neither the Indian Claims Commission nor this court has jurisdiction to apportion fees among disputing attorneys or to make allowance for fees for anyone except the attorney *45 s of record. Robertson v. Gordon et al., 226 U. S. 311; William Beddo v. United States, 28 C. Cls. 69; Creek Nation v. United States, 79 C. Cls. 778.
The paragraph in appellees’ contract undertaking to ^authorize the Commission to determine the amount, if any, due to appellants for services rendered is ineffective in the instant proceeding since jurisdiction not otherwise had cannot be conferred by consent of the parties. Elgin v. Marshall, 106 U. S. 578.
Any dispute or claim by attorneys other than attorneys •of record for services rendered whether by private contract or other obligation must be settled between the parties themselves or in another forum.
Section 15 of the Indian Claims Commission Act is as follows:
Each such tribe, band, or other identifiable group of Indians may retain to represent its interests in the presentation of claims before the Commission an attorney or attorneys at law, of its own selection, whose practice before the Commission shall be regulated by its adopted procedure. The fees of such attorney or attorneys for all services rendered in prosecuting the claim in question, whether before the Commission or otherwise, shall, unless the amount of such fees is stipulated in the approved contract between the attorney or attorneys and the claimant, be fixed by the Commission at such amount as the Commission, in accordance with standards obtaining for prosecuting similar contingent claims in courts of law, finds to be adequate compensation for services rendered and results obtained, considering the contingent nature of the case, plus all reasonable expenses incurred in the prosecution of the claim; but the amount so fixed by the Commission, exclusive of reimbursements for actual expenses, shall not exceed 10 per centum of the amount recovered in any case.
It was within the discretion of the Commission to have heard evidence of the work done by Melven Cornish and William H. Fuller, not for the purpose of allotting them any fees, but as bearing on the amount that would be- allotted to the. attorneys of record “for all services rendered in prosecuting the claim in question, whether before the Commission or otherwise * * *” [Emphasis supplied.] However, since practically all of these matters were before the Commission *46 either in the form of evidence taken before the Commission, or in the public records of which the Commission may take-judicial knowledge, it would have been a rather useless-procedure.
The record shows that a great many documents were searched out and filed in the Congressional report case involving the same basic facts; that these records were compiled! by Fuller or Melven Cornish, or by Niebell who at that time was employed by them; that they were the subject of more-than a score of orders on the docket of the Court of Claims before the final report to Congress after having been pending more than seven years; that many of the documents were in the archives and in the Department of the Interior which it was necessary to search out and compile for consideration in the Congressional case.
In addition the Commission had before it the testimony of Paul M. Niebell, on cross examination by defendant’s attorney, to the effect that the evidence offered in the trial of' the pending case was for the most part the record that had. been previously made in the Congressional case, that it was a. matter of picking up the old records which were then deposited in the archives and physically depositing them with, the Commission, together with some additional evidence;, that his services in the pending case consisted pretty much that of preparing a petition, using largely the evidence in¡ the Congressional case with some additional documentary-evidence, requesting findings of fact, the filing of briefs and making the argument before the Commission.
Appellees attached to their resistance to intervenors’' motion affidavits by a Mr. Layden, who was associated with? Melven Cornish, and also by Mr. Cornish’s secretary, to the-effect that Mr. Cornish worked incessantly on these cases from 1933 to the time of his death in 1944, and was disappointed' when Congress failed up to that time to approve a special act or the Indian Claims Commission Act, and that from 1935 to-the time of his death in 1941 Mr. Fuller, while consulting occasionally, did little of the actual work. However that may be, Mr. Fuller, by virtue of his contract, had a one-half interest in whatever Melven Cornish did in connection with, the Leased District matter.
*47 The records show that in the Eastern Boundary case, No. K-334 [94 C. Cls. 215], this court granted judgment in favor of the Chickasaw Nation in the sum of $50,128.27; that Melven Cornish and William H. Fuller were the attorneys in that case under the 1933 contract; that due to unrelated offsets which were charged against the judgment no money was paid, and consequently no attorneys’ fees were allowed. If the offsets had not been charged against the K-334 judgment the judgment in this case would have been subject to those additional offsets, which, if made, would have reduced the judgment in the instant case by that amount.
All of these matters were before the Commission either in the form of evidence or public documents and records, of which the Commission was authorized to take judicial notice.
The Indian Claims Commission must have considered this evidence in fixing the fees of the attorneys of record, otherwise it seems unlikely that they would have allowed practically the full amount permitted by law for the services, before the Commission, if the extensive background and spadework had been disregarded. How often in important movements those who do the difficult initial work are lost in the surge of final success.
The Commission was authorized to make allowance of fees only to attorneys of record, but in doing so is permitted to make the determination .sufficient to cover compensation for all the services rendered in the preparation and prosecution of the case. Apparently because of the complications and delays that would arise the Commission has no jurisdiction to settle disputes between attorneys. That question is left to the good faith and sense of fairness of the attorneys of record, or for action in a forum having jurisdiction.
This court, has no jurisdiction to review the action of the Commission in fixing attorneys’ fees except perhaps in the event the fees so allowed should be so unconscionably high or unreasonably low as to constitute arbitrary action.
The motions are allowed and the appeal is dismissed.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.