The attorneys of record in the above cases have filed a petition for the award of attorneys’ fees totaling $6,826.56, constituting 10 percent of the total award in these cases of $68,265.60. The attorneys have agreed that 30 percent of the total fee, or $2,047.97, should be paid to Robert C. Bell, Jr., for his services in Docket No. 29-C, and that the remaining 70 percent, or $4,778.59, should be paid to Robert S. Johnson and Jack Joseph for their services in Docket Nos. 15-E and 338.
HH
The claims, filed with the Indian Claims Commission, grew out of the Treaty of Greeneville of August 3,1795, by which the various Indian tribes ceded large areas to the United States. In the present cases, the Indians contended *740 that the consideration their ancestors had received for the land was unconscionable under the Indian Claims Commission Act, 25 U.S.C. § 70a(3) (1976). Various Indian tribes claimed title to the land; some of these claims overlapped.
The first stage of the Commission proceedings involved the determination of which tribes held aboriginal title to particular lands. After extensive proceedings, the Commission rejected most of the claims, and with one exception we sustained those rulings. Strong v. United States, 207 Ct. Cl. 254, 518 F.2d 556, cert. denied, 423 U.S. 1015 (1975). The second phase of the cases was the Commission’s determination of the value of the ceded land to which the Indians had title. The Commission ruled that the value of the lands owned by the Indian tribes in these three cases was $58,675.60. We increased that award by $9,590 to $68,265.60. Miami Tribe of Oklahoma v. United States, 222 Ct. Cl. 242, 614 F.2d 1273, cert. denied sub nom. Hannahville Indian Community v. United States, 449 U.S. 822 (1980).
In prosecuting these cases the attorneys were required to do extensive historical and legal research on novel and difficult questions. They tried both phases of the cases before the Commission and twice appealed Commission decisions to this court. Although the plaintiffs did not prevail on much of their claims, the attorneys obtained a not insignificant recovery for their clients. Considering all the circumstances — the difficulties of the cases, the vigorous opposition by the government, and the contingent character of the attorneys’ compensation — we conclude that a fee of 10 percent of the recovery is appropriate. See generally Sioux Nation of Indians v. United States, ante at 404, 650 F.2d 244 (1981).
II.
Walter H. Maloney, Jr., executor of the estate of Walter H. Maloney, requests us to apportion the $2,047.97 we are awarding to Robert C. Bell, Jr., equally between Mr. Bell and the Maloney estate. Mr. Maloney was attorney of record for the Indians in Docket No. 29-C from 1950 to 1963, when Mr. Bell succeeded him. The estate contends *741 that Walter H. Maloney had agreed with Mr. Bell that the two of them would share equally any fees to be awarded.
Mr. Bell opposes the division of the fee. He states that he is the "sole” attorney of record for the plaintiffs in Docket No. 29-C, and that although his agreement with Walter H. Maloney provided for equal division of the costs of conducting the litigation, the Maloney estate has refused to pay its share. Attached to Mr. Bell’s objections is a copy of a letter from him to Mr. Maloney dated August 23, 1967, in which Mr. Bell stated that in this docket "all fees will be divided equally (50-50) between us” and that "I . . . will assume the expenses of prosecuting the Miami and Potawatomi cases in the future as I have done with the Potawatomi cases in the past.”
Ordinarily, we do not determine disputes among attorneys claiming an interest in a fee, but leave the dispute "for resolution by the contending parties or by those tribunals established to decide wholly private controversies.” Sisseton and Wahpeton Bands v. United States, 191 Ct. Cl. 459, 469, 423 F.2d 1386, 1391 (1970). "On the other hand, in a case like this '[w]here several attorneys have, at different times, appeared for claimants’ (Beddo v. United States, [28 Ct. Cl. 69, 76 (1893)] — generally under separate contracts — the dispute becomes more than a private contractual squabble.” 191 Ct. Cl. at 470, 423 F.2d at 1391. In that situation we have an obligation to determine whether any of the attorneys of record is entitled to compensation for his services in prosecuting the claim.
In the present case, Mr. Maloney was attorney of record from 1950 to 1963, when Mr. Bell succeeded him. Although Mr. Bell contends that he did most of the work in the case, that conclusion apparently is based upon the number of entries on the docket sheets of the Indian Claims Commission, which Mr. Maloney, Jr., appended to his request. This is not necessarily an accurate reflection of the respective contributions the two attorneys made in the case. In view of the agreement between Mr. Maloney and Mr. Bell to divide equally the fees in this case, we conclude that this will be an appropriate basis for allocating the particular fee we will award. Indeed, in another Potawatomi case the attorneys, in their fee applications, agreed to equal division between *742 the Maloney estate and Mr. Bell, and we awarded the fee on that basis. The Potawatomi Nation of Indians, et al. v. The United States, 220 Ct.Cl. 744 (1979).
Accordingly, it is ordered that there be paid out of the $68,265.60 total awarded in this case attorneys’ fees of (a) $1,023.99 to Robert C. Bell, Jr., attorney of record in Dockett 29-C, for the benefit of all attorneys in that docket (except the Estate of Walter H. Maloney) entitled to participate in the fee award, (b) $1,023.98 to Walter H. Maloney, Jr., as co-executor of the Estate of Walter H. Maloney, and (c) $4,778.59 to Robert S. Johnson and Jack Joseph, attorneys of record in Dockets 15-E and for the Potawatomi petitioners in Docket 338, on behalf of all attorneys in those dockets entitled to participate in the fee award.