Marshall, Ch. J.
 

 The appraisement is not conclusive evidence of the value, but in this case, it is the best evidence. It was made by officers of the court, under its order, and was regularly returned and filed. It does not impeach the credibility of the witness now examined, for the value is a matter depending upon opinion, and with respect to which the judgments of men may honestly vary. The appraised value would have been the matter in dispute, if the property had been delivered up to the claimants upon security given.
 

 Todd, Livingston, Washington, Chase, and Cushing, Justices, concurred.
 

 Johnson, J., contra. — The appraisement was a thing not perfected. It was not acted upon, and might have been impeached.
 

 
 *130
 
 The appeals were all dismissed for want of jurisdiction in this court. *21 sl -®"0 °hjection was made to the
 
 vivd voce
 
 examination of the witness as
 
 *
 
 to the value. *0n the next day—
 

 Rodney,
 
 Attorney-General, moved the court for a continuance of these causes, and leave to take affidavits respecting the value of the property, so as to sustain the jurisdiction. This court has only decided that its jurisdiction does not appear upon the record. It is like the case of
 
 Course v. Stead’s Executors,
 
 4 Dall. 25, where the court continued the cause, and suffered affidavits to he taken, to show the value of the matter in dispute. If the court should be of opinion, that the decision of yesterday, upon the weight of testimony, differs this ease from that of
 
 Course
 
 v.
 
 Stead’s Executors,
 
 they will reject the motion.
 

 Broom,
 
 contrá. — If this motion had been made yesterday, before the decision of the court upon the weight of testimony, perhaps, it might have been proper, but after the parties have put themselves on trial, upon the evidence then before the court, and the decision has been made, it is not usual to open the case, and grant a new trial, unless new evidence is suggested to have been discovered since the trial, not known to the party at the time of trial.
 

 Marshall, Ch. J. — Cannot the United States sue out a new writ of error, and take new affidavits to show the cause to be within our jurisdiction ? If so, perhaps, the court would not put the United States to that expense.
 

 Rodney
 
 apprehended it would be final, it being an appeal, and not a writ of error.
 

 The Court overruled the motion.