### ELGIN *v.* MARSHALL.

1. Judgment was rendered by the Circuit Court for $1,660.75 against a town, on interest coupons detached from bonds which it had issued under a statute, the unconstitutionality of which it set up as a defence. The bonds were for a larger sum than $5,000. *Held,* that this court has no jurisdiction to re-examine the judgment.

2. Sections 691 and 692, Rev. Stat., as amended by sect. 3 of the act of Feb. 16, 1875, c. 77, in limiting the appellate jurisdiction of this court in cases of the character therein mentioned, refer to the sum or value of the matter actually in dispute in the suit wherein the judgment or decree sought to be reviewed was rendered, and exclude, in determining such sum or value, any estimate of the effect of the judgment or decree in a subsequent suit between the same or other parties.

ERROR to the Circuit Court of the United States for the District of Minnesota.

The facts are stated in the opinion of the court.

*Mr. George E. Cole* for the plaintiff in error.

*Mr. S. U. Pinney* for the defendant in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This action was brought by Marshall and another, being citizens of Wisconsin, against the town of Elgin, Minn., to recover the amount due upon certain coupons or interest warrants, detached from municipal bonds, alleged to have been issued by it, in aid of a railroad company. The defence set up was that the bonds and coupons were void, the statute, under the assumed authority of which they had been issued, being, as was alleged, unconstitutional. The cause was tried by the court without the intervention of a jury, and it is part of the finding that, at the time of rendering the judgment, the plaintiffs were the owners of the bonds and coupons mentioned in the complaint. Judgment was given for the amount, $1,660.75, due thereon, being for the interest on fifteen bonds of $500 each. The town brought this writ of error.

The case has been fully presented in argument upon its merits, as they appear from the finding; but as we consider ourselves obliged to dismiss the writ of error, for want of jurisdiction, we have considered no other question.

This question is anticipated by the counsel for the plaintiff in error, who, while admitting that the amount sued for, and for which judgment was recovered, is less than $5,000, yet maintains that the value of the matter in dispute is in excess of that sum, because the defendants in error being the holders and owners of the bonds, to the amount of $7,500, have obtained, by the present judgment, an adjudication, conclusive upon the plaintiff in error, as an estoppel, of its liability to pay the entire amount of the principal sum.

It is true that the point actually litigated and determined in this action was the validity of the bonds, and as between these parties, in any subsequent action upon other coupons, or upon the bonds themselves, this judgment, according to the principles stated in *Cromwell* v. *County of Sac*, 94 U. S. 351, might, and as to all questions actually adjudged would, be conclusive as an estoppel.

And accordingly the plaintiff in error, in support of the jurisdiction of this court, relies on what was said in *Troy* v. *Evans*, 97 id. 1, that, "*prima facie*, the judgment against a defendant in an action for money is the measure of our jurisdiction in his behalf. This *prima facie* case continues until the contrary is shown ; and if jurisdiction is invoked because of the collateral effect a judgment may have in another action, it must appear that the judgment conclusively settles the rights of the parties in a matter actually in dispute, the sum or value of which exceeds the required amount." The point was not involved in the decision of that case, as the writ of error was in fact dismissed ; and what was said, in the opinion, seems to have been rather intended as a concession for the sake of argument, than as a statement of a conclusion of law. The inference now sought to be drawn from it we are not able to adopt. In our opinion, sects. 691 and 692, Rev. Stat., which, as amended by sect. 3 of the act of Feb. 16, 1875, c. 77, limit the jurisdiction of this court, on writs of error and appeal, to review final judgments in civil actions, and final decrees in cases of equity and of admiralty and maritime jurisdiction, to those where the matter in dispute, exclusive of costs, exceeds the sum or value of $5,000, have reference to the matter which is directly in dispute, in the particular cause in which the judg-

ment or decrees ought to be reviewed, has been rendered, and do not permit us, for the purpose of determining its sum or value, to estimate its collateral effect in a subsequent suit between the same or other parties.

The rule, it is true, is an arbitrary one, as it is based upon a fixed amount, representing pecuniary value, and, for that reason, excludes the jurisdiction of this court, in cases which involve rights that, because they are priceless, have no measure in money. *Lee* v. *Lee*, 8 Pet. 44; *Barry* v. *Mercein*, 5 How. 103; *Pratt* v. *Fitzhugh*, 1 Black, 271; *Sparrow* v. *Strong*, 3 Wall. 97. But, as it draws the boundary line of jurisdiction, it is to be construed with strictness and rigor. As jurisdiction cannot be conferred by consent of parties, but must be given by the law, so it ought not to be extended by doubtful constructions.

Undoubtedly, Congress, in establishing a rule for determining the appellate jurisdiction of this court, among other reasons of convenience that dictated the adoption of the money value of the matter in dispute, had in view that it was precise and definite. Ordinarily, it would appear in the pleadings and judgment, where the claim must be stated and determined; but where the recovery of specific property, real or personal, is sought, affidavits of value were permitted, from the beginning, as a suitable mode of ascertaining the fact, and bringing it upon the record. *Williamson* v. *Kincaid*, 4 Dall. 20; *Course* v. *Stead*, id. 22; *United States* v. *Brig Union*, 4 Cranch, 216. But the fact of value in excess of the limit must affirmatively appear in the record, as thus constituted, as it is essential to the existence and exercise of jurisdiction. This court will not proceed in any case, unless its right and duty to do so are apparent upon the face of this record.

The language of the rule limits, by its own force, the required valuation to the matter in dispute, in the particular action or suit in which the jurisdiction is invoked; and it plainly excludes, by a necessary implication, any estimate of value as to any matter not actually the subject of that litigation. It would be, clearly, a violation of the rule, to add to the value of the matter determined any estimate in money, by

reason of the probative force of the judgment itself in some subsequent proceeding. That would often depend upon contingencies, and might be mere conjecture and speculation, while the statute evidently contemplated an actual and present value in money, determined by a mere inspection of the record. The value of the judgment, as an estoppel, depends upon whether it could be used in evidence in a subsequent action between the same parties; and yet, before the principal sum, in the present case, or any future instalments of interest shall have become due, the bonds may have been transferred to a stranger, for or against whom the present judgment would not be evidence. And in every such case it would arise as a jurisdictional question, not how much is the value of the matter finally determined between the parties to the suit, but also, whether and in what circumstances, and to what extent, the judgment will conclude other controversies thereafter to arise between them, and thus require the trial and adjudication of issuable matter, both of law and fact, entirely extraneous to the actual litigation, and altogether in anticipation of further controversies, that may never arise. It is not the actual value of the judgment sought to be reviewed which confers jurisdiction, otherwise it might be required to hear evidence that it could not be collected; but it is the nominal or apparent sum or value of the subject-matter of the judgment. It is impossible to foresee into what mazes of speculation and conjecture we may not be led by a departure from the simplicity of the statutory provision.

Accordingly this court has uniformly been strict to adhere to and enforce it.

In *Grant* v. *McKee*, 1 Pet. 248, it refused to take jurisdiction, because the value of the premises, the title to which was involved in that action, was less than the jurisdictional limit, although they were part of a larger tract, held under one title, on which the recovery in ejectment had been obtained against several tenants, whose rights all depended on the same questions.

*Stinson* v. *Dousman*, 20 How. 461, was an action at law for the recovery of rent, where the claim and judgment against the defendant below were less than the amount required to give

this court jurisdiction on a writ of error; but in giving judgment for the plaintiff below, for any sum at all, the court necessarily passed upon a defence of the defendant, set up by way of answer in the nature of a counter-claim, insisting upon an equitable right to a conveyance of the land, out of which it was alleged the rent issued, and the value of which was in excess of the limit·required for the jurisdiction of the court. The effect of the judgment was to adjust the legal.and equitable claims of the parties to the subject of the suit, which was, not merely the amount of the rent claimed, but the title of the respective parties to the land. On that ground alone the jurisdiction of the court was upheld.

*Gray* v. *Blanchard*, 97 U. S. 564, and *Tintsman* v. *National Bank*, 100 id. 6, are instances of the strict application ·of the rule limiting the jurisdiction to the amount actually in dispute in the suit; of which a similar example is found in *Parker* v. *Morrill, ante,* p. 1, decided at the present term.

Indeed, so strictly has it been applied, that, in cases where, although the entire matter in dispute in the suit exceeds in value the jurisdictional limit, nevertheless, if there are several and separate interests in that sum, belonging to distinct parties, and constituting distinct causes of action, although actually united in one suit and growing out of the same transaction, the jurisdiction of the court has been constantly denied. We have had occasion to repeat and apply this principle in several cases at the present term. *Ex parte Baltimore & Ohio Railroad Co., Schwed* v. *Smith, Farmers' Loan & Trust Co.* v. *Waterman, Adams* v. *Crittenden, ante,* pp. 5, 188, 265, 576. In some of these cases, the value of the matter in dispute, actually determined against the party invoking our appellate jurisdiction, actually was largely in excess of its limit, and yet its exercise was forbidden, because it was divided into distinct claims, no one of which was sufficient of itself to entitle either party to an appeal, although the ·decision in one was necessarily the same in all, because rendered ·upon precisely the same state of facts. *Russell* v. *Stansell*, 105 U. S. 303.

To entertain jurisdiction in the present case would be, in our opinion, to unsettle the principle of construction by which, in

all the cases referred to, this court has been guided.   The writ
of error is accordingly

<em>Dismissed for want of jurisdiction.</em>

NOTE. — *Plainview* v. *Marshall*, error to the same court, was submitted at the
same time and by the counsel who argued the preceding case.   MR. JUSTICE MAT-
THEWS, who delivered the opinion of the court, remarked, that the two cases did
not differ in any material respect, the value of the matter in dispute in each be-
ing less than $5,000.   For the same reasons the writ of error in this case was

<em>Dismissed.</em>