### WAKEMAN v. THROCKMORTON et al.

(Circuit Court, D. Connecticut. June 29, 1903.)

#### No. 1,120.

1. REMOVAL OF CAUSES—AMOUNT IN DISPUTE—SUIT TO FORECLOSE LIEN.

In a suit to foreclose a lien, the amount in dispute, for the purpose of determining the jurisdiction of a federal court or the right of removal thereto, is the amount sought to be recovered under the lien.

In Equity. On motion to remand to state court.

Beecher & Canfield, for plaintiff.
Wm. F. Henney, for defendants.

PLATT, District Judge. An action was brought in the court of common pleas for Fairfield county, returnable on the first Monday of April, 1903, seeking to foreclose a judgment lien of $827.69 against the interest of John I. Throckmorton in certain lands in that county. His wife and himself seem to absorb the equity, and various incumbrancers are joined as defendants. The Throckmortons insist that the controversy is separable, and that they, as citizens of Ohio, have the right to remove it to this court.

The motion to remand is supported by three lines of reasoning: (1) The matter in dispute, exclusive of interest and costs, does not exceed the sum or value of $2,000. (2) If it does exceed that amount,

¶ 1. Jurisdiction of Circuit Courts, as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

the matter in dispute was beyond the jurisdiction of the common pleas court. (3) The controversy is not separable, and the Throckmortons alone have joined in the petition, omitting therefrom several citizens of Connecticut who are defendants in the Fairfield county case.

Let me first dispose of the third contention. It may be assumed, although I am very far from admitting it, that the controversy between the plaintiff and the Throckmortons is separable from that between him and the other defendants, and even then the ground for removing the suit into this forum is not evident.

The matter in dispute never drifts appreciably away from the foreclosure of a judgment lien for $827.60. The right to establish such lien, so that it can be foreclosed, and the method of foreclosure, are in all respects creatures of the local law, and by that law the matter in demand for jurisdictional purposes is fixed by the amount of the lien. Because the action is a new statutory right, and also because the statutes establish a rule governing the acquisition and transmission of Connecticut property, it might, if occasion required, be the duty of the federal court to follow the local statutes.

Passing by these considerations, however, without basing my action upon them, I find that the federal courts have conclusively settled the proposition that the amount in dispute which shall govern them when the question of jurisdiction arises shall be the amount sought to be recovered under the lien. Gibson v. Shufeldt, 122 U. S. 29, 30, 7 Sup. Ct. 1066, 30 L. Ed. 1083, settles the matter, and leaves no room for discussion.

The cases cited by counsel opposing the motion to remand fail to sustain his contention. They are Stinson v. Dousman, 20 How. 466, 15 L. Ed. 966; Dickinson v. Trust Co. (C. C.) 64 Fed. 895; L. Z. & I. Co. v. N. J. Z. & I. Co. (C. C.) 43 Fed. 545. In each of those cases the determination of the matter in dispute would have settled finally and conclusively, without further proceedings, the title to property or an interest in the title, and in each case the property or the interest therein confessedly exceeded the required amount.

Let the case be remanded.