Per euriam:

Added importance is given to the plaintiff’s motions by the fact that admittedly the purpose of the desired consolidation of its cases is in order that thereby an appealable amount may appear by the addition of the amounts claimed in the separate cases. The question arises whether the court may allow a consolidation for this purpose. The legal question presented in each of the cases has been adjudicated in another case of the same plaintiff. It is therefore deemed proper to state at length the proceedings in the present case as shown by the record.
*59 On October 27, 1919, tbe court in this cause made the following order:
“ On plaintiff’s motion to set aside the submission of this case and for the transfer to it of the record in another case, it is ordered by the court:
“ First. — That the submission of this case be set aside and the case be remanded to the calendar.
“ Second. — That the amended petition herein filed March 5,1917, be stricken out as an unauthorized consolidation with this case of another case then pending, such consolidation being without authority of the court and contrary to its order.
“ Third. — That the plaintiff have leave, if it so desires, to amend its original petition herein within ten days from this date.
“ Fourth.- — -That the plaintiff’s motion for the transfer to this case of the record in case No. 30829 be denied.”
(Note. — The year “ 1917 ” in the second paragraph of the order is an error, typographical or otherwise. It should be “ 1919.”)
On the 29th day of November, 1919, the plaintiff filed its motion to set aside the order striking out the amended petition herein for the alleged reasons: '(1) That said order is contrary to law; (2) that there was no motion pending to strike out the petition and no reasons for such action by the court of its own motion; (3) that the case had been heard both on demurrer and on its merits and, therefore, a motion to strike out such petition would be out of order; and (4) that the changes made by the amended petition were proper and permissible, both under the law and the rules of the court, and that, therefore, claimant’s filing of said petition was a matter of right.
It is apparent from the record that the matter here involved has been before the court more than once, and there is seemingly no reasonable room for doubt as to the basis of the court’s action, but in order that the whole situation may now appear exactly as it is without room for misapprehension or misconstruction it is deemed proper to restate the facts with the court’s views thereon. To do so involves a chronological statement of procedure in this and related cases.
*60 The plaintiff company at three different times brought its separate suits to recover for practically the same sort of service, viz, transferring through mails at junction points, rendered on two different mail routes. Case No. 30829 was commenced April 6, 1911, and was predicated on alleged service at Joliet, Ill. No. 30834 was commenced May 3,1911, and declared upon alleged service at Higbee, Mo. No. 33872, this case, was commenced December 8, 1917, and sought recovery for alleged service at Higginsville, Mo. Higbee and Higginsville were on the same mail route, but Joliet was on a different route.
On May 21, 1917, the Higbee case was submitted, and on June 4, 1917, it was decided. On October 29, 1917, the defendants’ motion to amend findings was sustained in part, former findings were withdrawn, and new findings that day filed. There was judgment for the plaintiff for the amount deducted from its mail pay after it had refused to perform the service in question, but it was not permitted to recover any additional compensation for the period during which it had performed it. The amount in dispute was not sufficient to give the plaintiff a right of appeal.
On November 4, 1918, this case (Higginsville) was, with others, submitted as upon demurrer to the petition, on the argument on demurrer in another case by a different plaintiff (Toledo, St. Louis & Western, No. 30837), and on November 18,1918, the court filed conclusions of law sustaining the demurrer and dismissing the petition. On plaintiff’s motion, filed January 16, 1919, this order of dismissal was, on February 3, 1919, vacated and plaintiff was given until March 5, 1919, to amend its petition. In a “ memorandum ” filed with its motion to set aside this order of dismissal and grant leave to amend the petition, plaintiff, referring to the amended petition to be filed if leave be granted, said:
“ It is supposed that a like demurrer would be interposed to any such amended petition. Counsel suggests, however, that if the case be brought to that situation the hearing will be continued until a time, in March coming, when, according to the present calendar, claimant’s similar case, No. 30829, should be heard, and it is especially requested that instead *61 of filing a separate brief on this motion counsel’s views of the law applying to it may be written into the brief filed in that case.”
Case No. 30829, referred to in the quotation, was plaintiff’s Joliet case, and the court, when considering this motion, was certainly not apprised of any other intention than that the Joliet case would continue and be submitted as a separate case.
On March 5, 1919, the last day within the leave granted by the court to amend the petition in this, the Higginsville case, an amended petition was filed embodying some additional averments as to the service rendered at Higginsville, but incorporating therein also plaintiff’s claims and demands as to Joliet as set forth in the petition in that case, No. 30829, with demands as to subsequent service, thus in effect consolidating that case with this (the Higginsville) case and without any application to the court for leave or authority so to do. This amended petition was filed with the clerk under the leave granted as an. “ amended petition ” in case No. 33872 and as filed the court, of course, was not informed of its nature.
On March 12, 1919, the defendant filed a motion in the Joliet case to dismiss for.nonprosecution and because within the Higbee case, and on the following day, March 13, 1919, the plaintiff filed a motion in that case in the alternative, but asking in the first instance, referring to the petition in that case—
“ That an order will be made permitting the incorporation of the matter pleaded in said petition, and other competent matter upon the cause of action here pleaded, in amended and supplemental petition of this claimant filed in case No. 33872, and that thereupon the present case may be dismissed as abated.”
It is to be observed that what plaintiff here asks leave to do it had apparently already done eight days before without the leave or knowledge of the court.
On March 17, 1919, the court overruled plaintiff’s motion and dis issed case No. 30829 (Joliet) for want of prosecution and for failure to comply with a former order of the court to file brief within a specified time.
*62 On April 21, 1919, this case (No. 33872) was submitted and when under advisement by the court, in conference, the court, for the first time, became apprised of the fact that by the amended petition, filed March 5, 1919, the claim in the Joliet case had been incorporated therewith. The case was thereupon, on May 5, 1919, remanded to the calendar with a memorandum as follows:
“ The plaintiff has amended its petition herein and brought in by reference another case, perhaps inadvertently overlooking the fact that a motion to consolidate with case No. 30829 had been overruled on the 17th day of March, 1919.
“The case is now remanded to enable the plaintiff to properly amend its petition herein and to allow it to move to set aside the dismissal of the other case referred to.”
It was assumed that this suggestion would be sufficient for the purpose, and to relieve the plaintiff from any harm by reason of any action taken and preserve all its rights the court, of its own motion, opened the doors for the reinstatement of the dismissed' Joliet case. Compliance with the court’s suggestion would have placed plaintiff as to both cases where it was before its unauthorized action and without any penalty on account thereof.
Plaintiff took no further steps with reference to either case until October 6, 1919, when there was filed in this case, in the clerk’s office, a paper styled “Brief for Claimant on Order of Remand.” The case was not then before the court, and the propriety of a brief on action taken by the court five months before is not apparent. The purpose seemed to be to inform the court (referring to the memorandum on order of remand quoted above), that plaintiff “is constrained to decline the invitation thus given by the court ” in connection with which it is asserted that case No. 30829 (Joliet) was dismissed “ for the express purpose on claimant’s part” of prosecuting as to Joliet under the amended petition filed in this (Higginsville) case.
The record by which we speak does not sustain plaintiff with reference to the dismissal of the Joliet case. But, however that may be, it certainly can not be contended that any asserted purpose to prosecute as to Joliet under an unauthor *63 ized consolidated petition filed in the Higginsville case could bind the court.
On October 14, 1919, this case again came upon the daily trial calendar prepared in the usual manner by the clerk and was submitted. Afterward when under advisement by the court it again had for consideration the -status of the case as to the amended petition. It was apparent, of course, that plaintiff had not complied with the suggestion of the court to amend the petition by striking out the averments as to Joliet and had not elected to avail itself of the court’s permission to move to reinstate the Joliet case. The plaintiff on October 18, 1919, filed its motion to set aside the submission of this case “ for such time alone as will serve the purpose of perfecting the record,” and asking also that the court direct the transfer to this case of the record in case No. 30829, or at least certain designated portions thereof. It was plainly apparent, of course, from this motion that plaintiff had submitted an unprepared case. The court thereupon made the order first herein above quoted setting aside the submission of the case, remanding it to the calendar, striking out the amended petition, and overruling the motion for the transfer to this case of the record in case No. 30829. It is now contended for the reasons hereinbefore stated that the court had no power to make this order; that there was no motion pending to strike out the amended petition, no reason for such action by the court of its own motion; that the case had been submitted upon the amended petition; and that the filing of the amended petition was a matter of right.
It would seem that the mere statement of the detailed procedure in this matter would be sufficient for the purpose, but there are apparent contentions which need some consideration. It is true that when this case was last submitted to the court it stood upon the amended petition and it may be admitted that, in addition to what was said in the brief of the plaintiff above referred to on the former order of remand, it might have also been said to the court, in substance, at the time of submission that plaintiff had not elected to comply with what it denominates the “ invitation,” of the *64 court. But no matter what may have been said or may not have been said upon that question, it is certain that the court had theretofore refused to allow the consolidation of these cases; that it had not at the time of submission in any manner indicated any change in its views with reference to that matter, and it certainly remained within its power, notwithstanding the submission, to correct any unauthorized actions of a party and that, too, entirely of its own motion. It did not in fact make its order remanding the case until after plaintiff had moved to set aside the submission and, if material, the fact is and it appears from the order that the submission was set aside upon motion of plaintiff.
Even if we assume that plaintiff had acted in accordance with what it deemed to be its rights, the propriety of the procedure was for the court’s determination, and it certainly could not be estopped from preventing not only unauthorized action but action in conflict with its expressed views. If it be a mere question as to the right of a party or the court to control its procedure, the statement of the question should carry with it the answer.
But there is another matter for consideration which indicates that there is more than a simple question of procedure involved. When the court had before it the question as to its proper course with reference to this unauthorized consolidation by the amended petition filed in this case, it could conceive of no reason why there should be a consolidation of these cases except that it might be for the purpose of thereby building up an amount sufficient to bring the case within the appellate jurisdiction of the Supreme Court. But when plaintiff submitted its present motion to vacate the order of the court remanding the case and striking out the amended petition, that motion was set for argument and when argued plaintiff’s counsel, in response to an inquiry from the bench, stated in open court that the only purpose in consolidating the two cases was to thus build up an ap-pealable case.
Stripped of the details, which we have recited more fully probably than is necessary, there would seem to be two prop *65 ositions, incontrovertible, it seems to as, and determinative of the question.
First, pending cases may be consolidated only by order of the court. Such a rule is necessary to the proper control by a court of its own docket; it is a rule of established and long continued practice in courts and is clearly contemplated by section 921, Revised Statutes of the United States, having its origin in an act passed in 1813, which is as follows:
“When causes of a like nature or relative to the same question are pending before a court of the United States, or of any Territory, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so.”
A consolidation of cases under this section is discretionary with the court so far as any right of a party to demand it is concerned. Mutual Life Ins. Co. v. Hillmon, 145 U. S., 285, 292.
Second. The impropriety of consolidating cases which separately are not appealable, in order thereby to produce a consolidated case with an amount in controversy sufficient to authorize an appeal under the statute, is apparent. The purpose and effect of a statute are not thus to be defeated. Henderson v. Wadsworth, 115 U. S., 164, 264. The court by refusing to consolidate does not seek to defeat any right of appeal. It merely refuses to circumvent the statute authorizing appeals. This statute prescribes the amount necessary for that purpose, and as “it draws the boundary line of jurisdiction it is to be construed with strictness and vigor.” As jurisdiction can not be conferred by consent of parties, but must be given by the law, so it ought not to be extended by doubtful construction. Elgin v. Marshall, 106 U. S., 578, 580. It is not unusual, but, on the contrary, is a matter of frequent occurrence in this court, that cases involving the same question of law are heard together, but each case remains separate, and a separate judgment is rendered in each. And especially must a consolidation be refused when the *66 principle controlling each of the cases has already been decided in another by the same plaintiff. We are not unmindful that in United States v. Gleeson, 124 U. S., 255, appealed from this court, a “ pro forma ” judgment had been rendered in favor of the plaintiff, not upon the merits of the case, but for the purpose of permitting an appeal by the defendant, it appearing that plaintiff’s claims tvere not sufficient to permit an appeal by him from an adverse judgment. The case was remahded with criticism of the procedure, the effect of which, it was said, would be to nullify the restrictions put by Congress on appeals from this court and to subject the United States to be impleaded in the Supreme Court without its consent.
The plaintiff’s motions must be overruled. But to again extend to it the opportunity to prosecute its original actions without detriment by reason of its unauthorized procedure, the plaintiff is granted leave, if it so desires, within 30 days, to amend its original petition in this case by such additional competent averments as it may see fit to make with reference to its service at Higginsville. and it is also granted leave within the same time, if it so desires, to file its motion to vacate the dismissal of its case No. 30829, as to service at Joliet.