HANNAH MAKAINAI *v.* SOLOMON K. LALAKEA.

No. 1752.

PETITION FOR WRIT OF ERROR.

ARGUED MAY 31, 1927.                    DECIDED JUNE 2, 1927.

BEFORE PERRY, C. J., AT CHAMBERS.

APPEAL AND ERROR—*decisions reviewable—value in controversy.*

The Act of February 13, 1925, (Vol. 43, U. S. Stat. at L., part 1, p. 936) which provides that the circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions in the supreme court of Hawaii in all civil cases "wherein the value in controversy, exclusive of interest and costs, exceeds $5,000.00", in limiting the appellate jurisdiction of the said circuit courts in cases of the character therein mentioned, refers to the sum or value of the matter actually in dispute in the suit wherein the judgment or decree sought to be reviewed was rendered and excludes, in determining such sum or value, any estimate of the effect of the judgment or decree in another suit between the same parties.

OPINION

This is a suit for partition of certain parcels of land.

The complainant claims to be the owner of an undivided 1/7 interest. The respondent admits ownership in the complainant of an undivided 1/8 interest, but denies that she is the owner of the additional 1/56 interest. This court, affirming the decree of the trial court, held that the defendant was barred from presenting as a defense to the petitioner's claim with reference to the 1/56 interest a certain deed which had theretofore, in another action between the same parties, been adjudged to be a forgery. The respondent now seeks to obtain by writ of error a review of the decree of this court to the circuit court of appeals of the ninth judicial circuit. This attempt is opposed by the appellee upon the ground that the 1/56 interest in question is of the value of less than $5,000.00.

The statute under which the appellant proceeds is the Act of February 13, 1925, (Vol. 43, U. S. Stat. at L., part 1, p. 936) and provides that "the circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions   *   *   *   in the supreme courts of the Territory of Hawaii and of Porto Rico, in all civil cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved" and "in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000.00". The only claim advanced by the appellant is that this suit is a civil case "wherein the value in controversy, exclusive of interest and costs, exceeds $5,000.00". It is admitted by the appellant that the value of the 1/56 interest in dispute in the lands described in the bill of complaint in this suit is less than $5,000.00, and he relies, in order to support his right of appeal, upon the fact that there is pending another action between the same parties in which the

petitioner's right to an undivided 1/56 interest in certain other lands is sought to be adjudicated and in which the decree in this case will, if unreversed, operate as a bar to any further litigation of the issue concerning the validity of the deed above mentioned, and upon the further fact that the value of the 1/56 interest in the lands involved in the second suit, taken in conjunction with the value of the 1/56 interest in the lands involved in the case at bar, makes a total value of more than $5,000.00. The language of the statute just quoted is clear and unambiguous. Under its provisions the value which determines the existence or non-existence of the right of appeal is the value in controversy in the particular case in which the right of appeal is invoked. The word "wherein" plainly indicates this and has this effect. This precise question was considered and decided by the Supreme Court of the United States in the case of *Elgin* v. *Marshall*, 106 U. S. 578, 579-583. The conclusion of the court was that "the language of the rule limits, by its own force, the required valuation to the matter in dispute, in the particular action or suit in which the jurisdiction is invoked; and it plainly excludes, by a necessary implication, any estimate of value as to any matter not actually the subject of that litigation". The court added that "it would be, clearly, a violation of the rule, to add to the value of the matter determined any estimate in money, by reason of the probative force of the judgment itself in some subsequent proceeding". That decision and its reasoning are clearly applicable.

The motion for allowance of a writ of error is denied.

*A. Withington* (*J. W. Russell* and *Robertson & Castle* on the brief) for petitioner.

*W. H. Smith, C. S. Carlsmith* and *Smith, Wild & Hoppe* for respondent.