GOLDEN Et Al. *v.* SIXTH JUDICIAL DISTRICT COURT IN AND FOR PERSHING COUNTY Et Al.

No. 3148

July 3, 1936.                           58 P. (2d) 1042.

*W. E. Baldy* and *Frank J. Golden,* for Petitioners:

*W. A. Wilson,* for Respondents:

**OPINION**

By the Court, TABER, J.:

This is a petition for a writ of prohibition wherein this court is asked to prohibit respondents from taking any further action in civil action No. 898, in respondent district court, except to do what is necessary to remove said action to the district court of the United States for the district of Nevada. In said action Clarence A. Ernst is plaintiff, and Mary E. Golden, defendant. Demurrers to the original and first amended complaints were sustained.

The second amended complaint alleges, as a first cause of action, that in February 1935, said Mary E. Golden brought an action in respondent court against Sunset Mining & Development Company for the recovery of various sums totaling $4,181.50; that one of the five

causes of action included in said suit was an assigned claim of said Clarence A. Ernst in the sum of $225; that said Mary E. Golden recovered a default judgment for the full amount prayed for in her complaint in the last-mentioned action; that execution issued, and, after notice of sale, the property levied on was sold to said Mary E. Golden for $3,000; that the assigned claim of said Clarence A. Ernst was given without consideration to said Mary E. Golden for the purpose of bringing suit; and that she holds in trust for him such proportionate part of said property "as his claim so assigned, to wit, $225.00 bears to the total claim of plaintiff's assignor, to wit, $4,181.50."

In the second cause of action in said second amended complaint it is alleged that, before Mary E. Golden commenced said action against Sunset Mining & Development Company, John A. Jurgenson also assigned to her, without consideration and for the purpose of bringing suit, his claim against said company in the sum of $225; that said assigned claim was included in said suit against said company; that said Jurgenson assigned said claim to said Clarence A. Ernst; and that said Mary E. Golden holds in trust for said Jurgenson such proportionate part of said property sold under execution as his claim $250 bears to the total claim, $4,181.50.

The third cause of action in said second amended complaint alleges that Mary E. Golden employed Attorney H. J. Murrish to prosecute her said suit against said company; that he performed such services; that the reasonable value thereof was $250; that demand was made by said H. J. Murrish; and that his claim has been assigned to said Clarence A. Ernst.

The prayer of said second amended complaint, as regards the first cause of action, is that said Mary E. Golden, defendant, be adjudged to hold in trust for the benefit of said Clarence A. Ernst, plaintiff, such portion of the property sold on execution as his assigned claim $225 bears to the total claim, $4,181.50. The prayer is similar on the second cause of action, and on the third

cause of action the prayer is that plaintiff be given judgment for $250 upon the express contract to pay that sum.

A demurrer to said second amended complaint was overruled, and a motion to strike said complaint and certain portions of it was denied. Thereupon defendant, Mary E. Golden, filed her answer, wherein, amongst other things, she alleged that Albert E. Golden claimed to be the owner of all the property described in said second amended complaint by virtue of purchase at a sale under a deed of trust; that W. K. Golden, M. J. Catching, and F. J. Golden each claimed and asserted an interest in said property; and that a complete determination of the controversy could not be had without the presence of said four persons as parties. Besides praying that plaintiff take nothing, she asked for an order bringing in, as parties, the four persons above named. She further prayed for a decree that she has no interest in the property, and that whatever title she acquired by virtue of the execution sale was so acquired by her as trustee for said Albert E. Golden, W. K. Golden, M. J. Catching, and F. J. Golden. The respondent court refused to make an order bringing in the four persons above named as parties. Said William K. Golden and Albert E. Golden then petitioned for permission to intervene, and respondent court ordered that they be permitted to do so; whereupon each of them filed his complaint in intervention. In these complaints each intervener alleges that plaintiff has no legal claim, either in his own right or as assignee of Jurgenson or Murrish, and that the value of all of said property is more than $5,000. In the said complaint of intervener William K. Golden, he alleges that Mary E. Golden holds all of said property in trust for him, basing his claim upon the same execution sale relied on by plaintiff, and upon the alleged assignment to him of the claims of M. J. Catching and Frank J. Golden. Albert E. Golden's complaint in intervention alleges that he is the owner of all the property, having purchased it at a foreclosure sale.

Shortly after the filing of the complaints in intervention, said Mary E. Golden, William K. Golden, and Albert A. Golden petitioned respondent court for an order causing said action No. 898 to be removed to the district court of the United States for the district of Nevada; also for an order that no further or other proceedings be had in said action in respondent court. Said petition was accompanied by a bond. The plaintiff in said action, Clarence A. Ernst, filed answers to the aforesaid complaints in intervention, and opposed the granting of said petition for removal of the cause to the federal court. Respondent court declined to make the requested order for removal to the United States district court, and ordered the said cause to be set down for trial. Thereafter, and before the date set for the trial, said William K. Golden and Albert E. Golden petitioned this court for a writ of prohibition. Certified copies of the papers filed in the respondent court for the removal of said action No. 898 to the federal court have heretofore been filed in said United States district court.

■ One of the grounds upon which respondent opposes our making the alternative writ permanent is, as he claims, that the value of the matter in controversy in said action No. 898 is less than that required by the Federal Judicial Code. 28 U. S. C. A. secs. 41(1), 71.

By matter in dispute or controversy is meant the subject of litigation—the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken. Lee v. Watson (Ky. 1864), 1 Wall. 337, 17 L. Ed. 557; Smith v. Adams (Ter. Dak. 1889), 130 U. S. 167, 9 S. Ct. 566, 32 L. Ed. 895.

In the case of Elliott v. Empire Natural Gas Co. (C. C. A. Kan. 1925), 4 F. (2d) 493, the court said that the "value of matter in controversy" means the pecuniary result to either party which the judgment would directly produce, either at once or in the future. In Cowell v. City Water Supply Co., 57 C. C. A. 393, 121 F. 53, reversing (C. C.) 96 F. 769, the court said that the

value of the matter in dispute is the value of that which complainant seeks to recover, or the value of that which defendant will lose if complainant obtains the recovery he seeks.

Cowell v. City Water Supply Co., supra, was a suit by an alleged owner of $\frac{1}{325}$ of certain waterworks and their appurtenances, to cancel mortgages thereon for $475,000, and to have his interest in said property declared free from the liens of the mortgages. The court held that the value of the matter in dispute was not the amount of the mortgages or the value of the entire property, but was the value of the $\frac{1}{325}$ of the property which the complainant claimed to own and sought to relieve from the liens of said incumbrances.

In Wakeman v. Throckmorton (C.C.), 124 F. 1010, the court held that, in a suit to foreclose a lien, the amount in dispute is the amount sought to be recovered under the lien. Likewise, in Bucyrus Co. v. McArthur (D. C.), 219 F. 266, which was a suit to enforce liens against a steam shovel, the amount involved was the amount claimed, and not the value of the shovel.

In Elgin v. Marshall, 106 U. S. (16 Otto) 578, 1 S. Ct. 484, 488, 27 L. Ed. 249, the court said that the words "matter in dispute" have reference to the matter which is directly in dispute in the particular case. This view was followed in Opelika City v. Daniel, 109 U. S. 108, 3 S. Ct. 70, 27 L. Ed. 873.

In Gibson v. Shufeldt, 122 U. S. 27, 29, 7 S. Ct. 1066, 1067, 30 L. Ed. 1083, the court said that by "the matter in dispute" is meant the sum or value really in dispute between the parties in the case before the court as shown by the whole record.

In Elliott v. Empire Natural Gas Co., supra, the court said: "It is what the appellees will directly lose in this suit that determines the jurisdictional value of the matter involved."

Enger v. Northern Finance Corporation (D. C.), 31 F. (2d) 136, 141, was an action to determine adverse claims to a 40-acre tract valued at $700, which was one of four

40's worth $3,100. Defendant alleged that all four 40's had been fraudulently deeded to plaintiff, and in his counterclaim prayed the court to nullify the deed. The court held that the cause was not removable to the federal court, saying that the immediate matter in controversy was the title to the 40 acres described in the complaint. "If the plaintiff prevails, the defendant, as the immediate effect of the decree, will lose only that 40. The judgment may estop it as to other 40's included in the deed from Martha V. Enger to Anna M. Enger. Except, however, for the allegations of the counterclaim, there is nothing to show that the plaintiff claims to own the other three 40's therein described." The court said that, if the plaintiff, while pretending to have the title quieted to one 40 worth $700, had actually asked the court to determine the title to four 40's, and adjudge that the defendant had no right, title, or interest therein, then the amount in controversy would appear to have been $3,100, and so removable to the federal court.

■  In determining the amount necessary for jurisdiction, the court will not consider contingent losses to defendant or collateral effects of a judgment for plaintiff. As was said in Elliott v. Empire Natural Gas Co.: "The amount or value of the right in dispute cannot be augmented by the collateral effect a judgment in the case may produce." And see New England Mortgage Security Co. v. Gay, 145 U. S. 123, 12 S. Ct. 815, 36 L. Ed. 646; Waltman v. Union Central Life Ins. Co. (D. C.), 25 F. (2d) 320; Wabash Ry. Co. v. Vanlandingham (C. C. A.), 53 F. (2d) 51; Elgin v. Marshall, supra; Enger v. Northern Finance Corporation, supra.

■  In case No. 898 in respondent court, the matter in controversy is not the whole of the property described in the second amended complaint. The action is not a suit to quiet title. The only "matters in controversy" are: (1) Plaintiff's alleged right to have said fractional portion of the property adjudged to be held in trust for him by Mary E. Golden, to have the property sold and out of the proceeds to receive his proportionate share;

and (2) his alleged right to recover the amount of the Murrish assigned claim, $250. These are the matters really, directly, and immediately in dispute between plaintiff on the one hand and the other parties on the other. If plaintiff should recover everything he asks, the value of his recovery would be about $818, which is also the most that the other parties could directly lose.

No case has been cited, nor have we been able to find any, where the facts were substantially the same as in the instant case. The question is not free from doubt, and there are cases tending to support petitioners' view that the value of all the property described in the second amended complaint, alleged to be worth more than $5,000, is the value of the matter in controversy. But the weight of authority and, in our opinion, the soundest reasoning, support the conclusion we have arrived at, that in said action No. 898, in respondent court, the value of the matter in controversy does not exceed $3,000.

■ In Hughes Federal Practice, vol. 4, sec. 2286, the author says: "The right of removal, being in derogation of state sovereignty, the act granting it ought not to be enlarged beyond what is definite and free from ambiguity. And a statute which ousts a court of general jurisdiction given by law, which jurisdiction it is proceeding to exercise, should be strictly construed. The federal courts, therefore, almost uniformly have denied removal in doubtful cases."

The United States supreme court, in Healy v. Ratta, 292 U. S. 263, 54 S. Ct. 700, 703, 78 L. Ed. 1248, says: "The policy of the statute calls for its strict construction. The power reserved to the states, under the Constitution, * * * to provide for the determination of controversies in their courts, may be restricted only .by the action of Congress in conformity to the judiciary sections of the Constitution. * * * See Kline v. Burke Construction Co., 260 U. S. 226, 233, 234, 43 S. Ct. 79, 67 L. Ed. 226, 231, 232, 24 A. L. R. 1077. Due regard for the rightful independence of state governments, which

should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined. See Matthews v. Rodgers, supra, at page 525 of 284 U. S. [521], 52 S. Ct. 217, 76 L. Ed. 447; compare Town of Elgin v. Marshall, 106 U. S. 578, 1 S. Ct. 484, 27 L. Ed. 249."

It is ordered that the alternative writ heretofore issued be dismissed, and the petition for a final writ of prohibition denied.