SOCIEDAD ESPANOLA DE AUXILIO MU-
TUO Y BENEFICENCIA DE PUERTO
RICO v. BUSCAGLIA, Treasurer of Puerto
Rico, et al.

No. 4257.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1947.

Rehearing Denied Dec. 12, 1947.

Damian Monserrat, Jr., Gabriel de la Haba and Rafael Baragano, Jr., all of San Juan, P. R., for appellant.

Irwin W. Silverman, Chief Counsel, Division of Territories and Island Possessions, Department of the Interior, of Washington, D. C., A. Devitt Vanech, Asst. Atty. Gen., and John F. Cotter, of Washington, D. C., for appellees.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

PER CURIAM.

Appellees have moved to dismiss the appeal for lack of jurisdiction on the ground that the value in controversy does not exceed $5,000, as required by paragraph Fourth of 28 U.S.C.A. § 225(a). We have considered appellees' memorandum in support of the motion, the Statement on Appeal filed by appellant and the jurisdictional statement contained in appellant's main brief, all in the light of the record of the case, which we have examined. The motion to dismiss must be granted upon the authority of Elgin v. Marshall, 1882, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249, and Healy v. Ratta, 1934, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248. See 1 Moore's Federal Practice, pp. 513-14.

An order will be entered dismissing the appeal for lack of jurisdiction.

## On Petition for Rehearing.

For a number of years appellant has owned and operated a hospital in the municipality of Rio Piedras, Puerto Rico. Prior to 1941, the property had not been assessed for taxation. On May 17, 1941, the property appraiser of Rio Piedras notified appellant that he had appraised the land and hospital buildings thereon for tax purposes during the fiscal year 1941–42 in the amount of $142,210.

Appellant thereupon filed a complaint in the Tax Court of Puerto Rico "in opposition to the appraisal made on its property for the fiscal year 1941–42", and prayed that the appraisal be vacated on the ground that the property was exempt from taxation under the provisions of § 291(e) of the Political Code, as amended by Act No. 42, Laws of Puerto Rico 1925, p. 256. After a hearing on the merits, the Tax Court on March 11, 1946, entered an order sustaining the complaint and vacating "the appraisement taken in this case * * *, since appellant enjoys a tax exemption under Section 291 of the Political Code." The case was taken to the Supreme Court of Puerto Rico on certiorari, and on November 20, 1946, that court entered judgment reversing the order of the Tax Court. Appellant now seeks a review in this court of the judgment of the Supreme Court of Puerto Rico.

On the merits the case involves merely the interpretation, and application to a particular set of facts, of an insular law according tax exemption to property devoted to charitable purposes. Therefore the jurisdiction of this court, under 28 U.S.C.A. § 225, depends upon a showing that "the value in controversy, exclusive of interest and costs, exceeds $5,000". To make such showing, appellant filed in the court below an Affidavit of Amount in Controversy, reciting as follows:

"That real estate owned by Sociedad Espanola de Auxilio Mutuo y Beneficencia de Puerto Rico, consisting of hospital buildings and land upon which said buildings are erected, was assessed by the Government of Puerto Rico for property tax purposes for the fiscal year 1941–42 at $142,210.00; that the tax rate in the municipality of Rio Piedras, wherein said land and buildings are situated, was 2.08 per cent for the fiscal year 1941–42; that this court in the above entitled cause, rendered judgment holding that the intervenor is not exempt from the payment of taxes, and under said judgment intervenor would be bound to pay taxes on said property for the fiscal year 1941–42 in the amount of $2,957.96;

That under said judgment intervenor herein would be subject to taxation on all said property during every year from fiscal year 1941–42 to fiscal year 1946–47, and

would be subject to taxation on all said property during every year for 15 years prior to fiscal year 1941–42; that at the property tax rate prevalent during all said years in the municipality of Rio Piedras, intervenor herein would have to pay an average tax of $2,500 for each of said 22 years, or approximately $55,000; and that said amount of $55,000 is the amount of controversy in these proceedings."

■■ Appellee moved to dismiss the appeal for lack of jurisdiction, on the ground that since the relief sought in the Tax Court was the setting aside of an assessment for a particular year, 1941–42, the value in controversy in this case was only the tax for that year, which was less than $5,000. We thought the point was well taken, and on November 10, 1947, entered an order dismissing the appeal. As the Supreme Court of Puerto Rico pointed out, it is not enough under the local statute "that property is owned by an institution organized for charitable purposes; actual use for a charitable purpose is required." Hence, the court said, "each case must be finally decided on its own facts—the particular use of a specific piece of property." The facts, of course, might vary from year to year. The possible effect of the judgment below by way of collateral estoppel, in later litigation involving other tax years, cannot be shown to augment the value in controversy in the present case. Perhaps the point seems technical, but the decisions of the Supreme Court of the United States have been strict. Elgin v. Marshall, 1882, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; Healy v. Ratta, 1934, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248. See 1 Moore's Federal Practice, pp. 513, 514. We relied on these authorities in dismissing the appeal.

■ Appellant has filed a petition for rehearing, in which our attention is particularly directed to Berryman v. Whitman College, 1912, 222 U.S. 334, 32 S.Ct. 147, 56 L.Ed. 225. We think that case is not controlling here. In the Berryman case, the legislature of the Territory of Washington passed a special act amending the charter of incorporation of Whitman College and purporting to give the property of the college a perpetual exemption from taxation. In 1905, after the State of Washington had been admitted to the Union, the assessing officers of the County of Walla Walla, acting under the authority of the state taxing law, and upon the assumption that the property of the college was taxable, assessed certain real property of the college and levied taxes thereon in the amount of $946.-32. The college thereupon filed a bill in equity in a circuit court of the United States praying for a decree recognizing and enforcing the contract of perpetual exemption from taxation as to all the property of the corporation, present or prospective, and for an injunction adequate to secure these results. It was objected that the circuit court lacked jurisdiction because the amount of the taxes assessed for the particular year was less than the requisite $2,000. The point was held not well taken, because the equitable relief sought was the protection and enforcement of the alleged contract of exemption during the perpetual life of the corporation, and "the value of the thing in issue, the contract right, exceeded in value the jurisdictional amount." The Supreme Court said (222 U.S. at pages 345, 346, 32 S.Ct. at page 149, 56 L.Ed. 225): "Granting that the uncertainties of the future and the shifting ownership of property forbids, in a contest merely over the validity of a tax, adding the sum of future taxes which might be levied to the amount of taxes actually levied for the purpose of jurisdiction, that principle can have no application to a case where the issue presented is not only the right to collect, but also to levy all future taxes. The admission that the right to tax may be abridged by contract, and that such contract may not be impaired without violating the Constitution, carries with it of necessity the power and the duty to protect the contract right and in the nature of things causes jurisdiction for such purpose to be measured by the value of the right to be protected, and not by the value of some mere isolated element of that right." The case at bar presents a different situation, for here appellant has no claim of a contract right entitling it to a perpetual exemption from property taxes; nor could appellant, even if it prevailed on the merits, obtain in this proceeding a permanent injunction against the assessment of taxes for other years. Under the applicable stat-

ute, the exemption depends upon the use to which the property is being put in the particular year for which the tax is assessed.

The petition for rehearing is denied.