## GRACIER v. EDWARDS DENTAL SUPPLY CO.

### No. 29055H.

United States District Court
N. D. California, S. D.
Oct. 18, 1949.

Paul B. Gibson, San Francisco, Cal., attorney for plaintiff.

McCutchen, Thomas, Matthew, Griffiths & Greene by James D. Adams, Walker W. Lowry, Philip A. Ray, San Francisco Cal., attorneys for defendant.

HARRIS, District Judge.

Plaintiff initiated an action in the Superior Court of the State of California against defendant seeking declaratory relief and reformation of his contract with defendant. In accordance with Title 28, U.S.C.A. § 1446, defendant had the action removed to this Court. Thereafter, defendant filed its answer and brought the matter to issue.

Plaintiff has moved the Court to remand the action to the Superior Court on the ground that the District Court lacks jurisdiction. In actions brought to the Federal Courts on diversity grounds the amount in controversy must exceed "$3,000 exclusive of interest and costs".[1] Plaintiff contends that neither this amount nor any other amount is at issue in the present litigation which is limited simply to the Court's construction of a contract[2] entered into between plaintiff and defendant.

In opposing plaintiff's motion to remand, defendant asserts that the Court's interpretation of the contract will of necessity involve disposition of a sum of money far in excess of the minimum jurisdictional amount. Defendant contends that, under the terms of the contract, plaintiff is entitled to receive a salary of $1,000 per month for a period of ten years, plus a certain percentage of the profits realized by the corporation for whom he is to be employed as General Manager. Under these circumstances, defendant argues that jurisdictional grounds exist for the District Court to retain the case. Defendant further asserts that subsequent to the removal of the action to the District Court, plaintiff was discharged from his position with defendant and that plaintiff's right to his entire salary is now in issue before the Court.

The controversy may be resolved by confining the dispute to the period when the action was removed to the District Court. Facts and events which have occurred subsequently are immaterial in this remand proceeding.

When defendant removed the cause of action, on the ground of diversity of citizenship and jurisdictional amount, the complaint alone was on file in the Superior Court. Accordingly, plaintiff's pleadings must of necessity set forth the alleged facts upon which this Court must make its ruling on the motion.

█ No question is raised as to the validity or the effectiveness of the contract, nor is any monetary sum involved, nor a money judgment prayed. The sole point in issue is the right of the Board of Directors of defendant's corporation to transfer plaintiff and re-assign him to a position other than that of General Manager of the Corporation. Under the terms of the contract, which is annexed to the complaint and made a part of the pleadings, plaintiff is entitled to his salary until the contract is terminated. Plaintiff's pleadings do not place in issue any sum of money which would enable this Court to obtain jurisdiction of the controversy.

█ Events which have occurred subsequent to the filing of the complaint—and after the cause was removed to the District Court—are not relevant in passing upon the issue of jurisdiction. The law is clear that the pleadings at the time of removal are the basis for determining jurisdiction. See 28 United States Code An-

---

1. 28 U.S.C.A. § 1332. See Town of Elgin v. Marshall, 106 U.S. 578, 27 L.Ed. 249.

2. The meaning of Section one of the contract, which reads as follows, is the basis for the present action: 1. "The Com-

pany hereby employs Gracier as General Manager or in such other capacity with this company as its Board of Directors may determine, for a period of ten (10) years beginning January 1, 1949".

958

notated, § 1447(c), St. Paul Mercury Indemnity Co. v. Red Cab. Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

Accordingly, it is ordered that plaintiff's motion to remand be and the same hereby is granted.

Two additional motions have also been submitted to the Court in this matter: motion to strike; motion for more definite statement. In the light of the ruling on the basic motion to remand, it is not necessary for the Court to pass upon these motions.