**WALTON et al. v. CITY OF ATLANTA et al.**

No. 13066.

United States Court of Appeals.
Fifth Circuit.

March 2, 1950.

John A. Darsey, Atlanta, Ga., John M. Slaton, Atlanta, Ga., Mose S. Hayes, Atlanta, Ga., Ellis B. Barrett, Atlanta, Ga., for appellants.

J. C. Murphy, Asst. City Atty., Atlanta, Ga., J. M. B. Bloodworth, Atlanta, Ga., J. C. Savage, City Atty., Atlanta, Ga., John E. Feagin, Asst. City Atty., Atlanta, Ga., Henry L. Bowden, Asst. City Atty., Atlanta, Ga., for appellees.

Before HOLMES, McCORD, and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment of the court below dismissing the complaint of appellants, who sought to enjoin the enforcement of certain ordinances of the city of Atlanta, Georgia. The challenged portions of such ordinances provide that no person shall drive any cab, car, bus, trackless trolley, or other motor propelled vehicle, used in transporting persons for hire upon the streets of Atlanta, without having first obtained a permit to do so from the Mayor and General Council of said city. The court below dismissed the action on the ground that the ordinance represented a valid exercise of the police power of the state.

The controversy is not wholly between citizens of different states, and federal jurisdiction is predicated solely upon the ground that the provisions of the ordinances are in conflict with various provisions of the Constitution of the United States. The court below also held that no property rights were involved, and that appellants had a plain, adequate, and complete remedy at law. From the allegations of the complaint, it does not appear that the amount in controversy exceeds three thousand dollars, exclusive of interest and costs; and, of our own motion, we raise the question of federal jurisdiction.

The ordinances provide that, upon blank forms furnished by the police department, an applicant for a permit to exercise the privilege of operating such vehicles for hire shall furnish his age and home address, state whether he uses drugs, narcotics, or intoxicating liquors, state whether he has ever been convicted of a crime and, if so, give the details thereof, attach a certificate from a qualified doctor to the effect that he has good eye sight and is otherwise sound mentally and physically. They further require that he shall have his finger prints taken by the police department, file with the city two photographs of himself, and pay to the city a permit fee of three dollars. Provisions for the suspension or revocation of said permit are also included.

The federal district courts do not have original jurisdiction of all civil actions that arise under the Constitution, laws, or treaties of the United States, but only of all such actions wherein the matter in controversy exceeds the sum or value of $3000, exclusive of interest and costs. Sec. 1331, Title 28, U.S.C.A. This is not because the law sets property rights above human rights, but for the reason that the jurisdiction of United States district courts is carefully prescribed by statute and extends only to those controversies of which jurisdiction has been expressly conferred by an act of Congress. With a few exceptions, the Congress has always been unwilling to permit suits in the federal courts to be brought for sums deemed by it too small because such litigation in the federal courts might be unduly burdensome. See Rose's Federal Jurisdiction and Procedure (2nd Ed.), Sec. 184, p. 179. The several amounts due separate plaintiffs may not be combined to obtain the jurisdictional amount of over $3000, which is necessary to confer jurisdiction in ordinary cases arising out of a federal question, where as here the several claims of appellants are not of a joint nature. Town of Elgin v. Marshall, 106 U.S. 578, 582, 1 S.Ct. 484, 27 L.Ed. 249; Clay v. Field, 138 U.S. 464, 479, 11 S. Ct. 419, 34 L.Ed. 1044; Thomson v. Gas-

kill, 315 U.S. 442, 447, 62 S.Ct. 673, 86 L. Ed. 951.[1]

■ Since the court below dismissed this action on its merits, the judgment appealed from is modified so as to dismiss it only for want of federal jurisdiction; and, as so modified, the judgment is affirmed.

1.  15 Minn.Law Review, p. 501.