**Margaret ABERNATHY, Plaintiff,**

v.

**CONSOLIDATED CAB COMPANY and Elmer I. Watkins, Defendants.**

**No. KC-1172.**

United States District Court
D. Kansas.

Jan. 27, 1959.

832

Barton P. Cohen (of Cohen, Schnider, Shamberg & Jenkins), Kansas City, Kan., for plaintiff.

Milton A. Abrams, Kansas City, Mo., and Thomas J. Conway, Jr., Roeland Park, Kan., for defendants.

STANLEY, District Judge.

The plaintiff moves to remand this action to the District Court of Wyandotte County, Kansas, on the ground that the amount in controversy is less than that required to give this court jurisdiction.

On January 24, 1957, the plaintiff filed in the state court a petition in which she sought recovery in the amount of $3,000. The defendants answered. On October 16, 1958, the plaintiff was granted leave of court to amend and did amend her petition so as to increase the amount claimed from $3,000 to $7,500. The defendants then removed the case to this court.

The plaintiff contends that at the time her petition was filed the case was not within the jurisdiction of this court because the amount in controversy did not exceed $3,000; that at the time of the amendment of the petition this court acquired no jurisdiction because on that date the requisite jurisdictional amount was in excess of $10,000.

The defendants' contention is that the amendment related back to the date of the filing of plaintiff's original petition and that the question of removability should be determined as of that date, as though the amount of damages alleged in the original petition had been $7,500.

Only actions over which the District Courts of the United States have original jurisdiction may be removed to those courts from state courts. On January 24, 1957, the date of the filing of the original petition, the case was not removable, the amount in controversy not exceeding $3,000, the jurisdictional amount then fixed by 28 U.S. C.A. § 1332(a). Before the amendment of the petition, the amount required to vest jurisdiction in the District Courts of the United States had been increased to "the sum or value [in excess] of $10,-000." P.L. 85–554, 72 Stat. 415, approved July 25, 1958.

The right to remove a case from a state court to a federal court is purely statutory. Gold-Washing & Water Co. v. Keyes, 1877, 96 U.S. 199, 24 L.Ed. 656. Removability is determined as of the date when the petition for removal is filed and depends upon the case disclosed by the pleadings at that time. Great Northern Ry. Co. v. Alexander, 1918, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713; Barney v. Latham, 1880, 103 U.S. 205, 26 L.Ed. 514; Salem Trust Co. v. Manufacturers' Finance Co., 1924, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628.

It follows that this case is not removable unless it be considered as having been "commenced" before the enactment of P.L. 85–554. Section 3 of that Act, 28 U.S.C.A. § 1331 note provides:

"This Act shall apply only in the case of actions commenced after the date of the enactment of this Act."

In the case of Lomax v. Duchow, D.C. Neb.1958, 163 F.Supp. 873, 874, the District Court of the District of Nebraska held that an action for the recovery of $5,539.02 filed in the state court on July 14, 1958, was removable although the petition and bond for removal were filed August 2, 1958, after the effective date of P.L. 85–554. The Court was of the opinion that the time of "commencement" of the action, as used in Section 3 of the Act, refers to the time of filing in the state court and not to the date of the filing of the removal papers.

In that case the Court stated succinctly the determinative question:

"The question is to be determined by the meaning of the language from Section 3 of the Act, 'actions commenced after the date of the enactment of this Act.' Does this mean, insofar as removal cases are concerned, commenced in the District Courts of the United States, or is it sufficient that the case had been commenced in the State courts? If the former, then this case must fall for lack of a jurisdictional amount in controversy—if the latter, then the Court has jurisdiction."

and held that a case is "commenced" within the meaning of Section 3 when it is filed in the state court.

In the case of Lorraine Motors, Inc. v. Aetna Casualty & Surety Co., D.C.E.D. N.Y.1958, 166 F.Supp. 319, the Court, confronted with a similar problem, arrived at a different answer to the same question. The amount in controversy was $5,000. The action was filed in the state court before the effective date of P.L. 85–554, and was removed to the United States District Court after the effective date of P.L. 85–554. Here, also, the amount in controversy was sufficient to support removal as of the date of filing in the state court. The Court construed Section 3 of the Act to mean that only actions commenced in the United States District Court prior to July 25, 1958, were excluded from the application of the Act.

It might be held in this case that the Lomax case is not applicable to the question here presented because when filed in the state court the action was not removable. To so hold would be to avoid an answer to the real question involved— that posed by the court in the Lomax case. The Court of Appeals of this Circuit has not yet had occasion to interpret P.L. 85–554. In the absence of controlling precedent, this court may adopt the view it finds the more persuasive. Plausible arguments might be advanced in support of the position taken by each of the courts which have been called upon to interpret Section 3. Each was faced, as is this court, with the necessity of attempting to discern the intention of Congress in enacting P.L. 85–554.

An analysis of various statutes conferring original and removal jurisdiction upon United States District Courts may be found in the opinion in the Lorraine Motors case, and may be summed up by the following statement from the opinion in the case of City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 62 S.Ct. 15, 20, 86 L.Ed. 47, therein quoted:

"The dominant note in the successive enactments of Congress relating

to diversity jurisdiction is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts,' in order to keep them free for their distinctive federal business. See Friendly, The Historic Basis of Diversity Jurisdiction, 41 Harv.L.Rev. 483, 510; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214; Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248.

'The policy of the statute [conferring diversity jurisdiction upon the district courts] calls for its strict construction. The power reserved to the states, under the Constitution, to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the judiciary sections of the Constitution * * * Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' Healy v. Ratta, supra, 292 U.S. at page 270, 54 S.Ct. at page 703, 78 L.Ed. 1248. In defining the boundaries of diversity jurisdiction, this Court must be mindful of this guiding Congressional policy. See Hepburn & Dundas v. Ellzey, 2 Cranch 445, 2 L.Ed. 332; New Orleans v. Winter, 1 Wheat. 91, 4 L.Ed. 44; Morris v. Gilmer, 129 U.S. 315, 328–329, 9 S.Ct. 289, 293, 32 L.Ed. 690; Coal Company v. Blatchford, 11 Wall. 172, 20 L.Ed. 179; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; and compare Old Grant ex dem. Meredith v. McKee, 1 Pet. 248, 7 L.Ed. 131; Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; Healy v. Ratta, 292 U.S. 263, 54 S. Ct. 700, 78 L.Ed. 1248; McNutt v. General Motors Acceptance Corp.,

298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135."

██ Finding myself in complete agreement with the learned Judge of the District Court for the Eastern District of New York that:

"It is properly inferable that the lack of specificity of Section 3, in the context in which it is now placed, is the result of the draftsman's concern to save jurisdiction in cases commenced under the *original* jurisdiction of the District Courts, and hence, commenced in the District Courts." 166 F.Supp. 323.

I must rule that this action was "commenced" after the date of the enactment of P.L. 85–554 and that the motion to remand should be granted.

Counsel will submit an appropriate order.