**SCOTT et al. v. JONES.**

No. 2181.

Circuit Court of Appeals, Tenth Circuit.

Oct. 14, 1940.

Kenneth K. Cox, of Wichita, Kan., for appellants.

Mark H. Adams, of Wichita, Kan., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The S. & B. Drilling Company, a corporation, was adjudicated a bankrupt; and after procedure which need not be delineated, the referee entered an order directing that a bid of $1,200 submitted to the trustee for the interest of the bankrupt estate in certain oil and gas leases be accepted, and

that the trustee execute such instrument of transfer or release as might be necessary to convey or release all rights or claims thereto. Three creditors having claims aggregating slightly more than $300 objected to the order on numerous grounds, one being that the property should be sold at public auction after suitable notice. On review, the court approved and confirmed the order of the referee. The three creditors seasonably filed a notice of appeal in the trial court and otherwise perfected the appeal in accordance with the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The trustee lodged in this court a motion to dismiss the appeal on the ground that it was not allowed by this court.

■ Except as otherwise provided in the Bankruptcy Act, appeals in bankruptcy are now governed by the Rules of Civil Procedure. Coursey v. International Harvester Co., 10 Cir., 109 F.2d 774.

■ The motion is predicated upon section 24 sub. a of the Bankruptcy Act, as amended by the Act of June 22, 1938, 52 Stat. 840, 854, 11 U.S.C.A. § 47, sub. a, which provides that the Circuit Courts of Appeals are vested with appellate jurisdiction in proceedings in bankruptcy, and in controversies arising in bankruptcy, and that "when any order, decree, or judgment involves less than $500, an appeal therefrom may be taken only upon allowance of the appellate court." It is contended that since the claims of appellants aggregate less than $500 the amount in controversy is less than such figure and therefore appellants could appeal only by allowance of this court. But their claims are not involved. The question whether they have bona fide claims, and if so in what aggregate amount, is not present. The question involved is whether the interest of the bankrupt estate in certain property was properly sold at private sale or should be sold at public auction. The manner of sale of an interest in property is the question at issue on the appeal, not the claims of appellants. The provision in the statute relating to the manner of perfecting an appeal where less than $500 is involved has no application to this appeal. Compare Robertson v. Berger, 2 Cir., 102 F.2d 530; In re Winton Shirt Corporation, 3 Cir., 104 F.2d 777.

■ Little need be said respecting Rule 32, subdivision 1, of this court. It deals exclusively with the procedure to be followed when an appeal is taken in accordance with the statute, supra, from an order, judgment or decree involving less than $500; it does not provide that this court shall allow an appeal in any case; instead, it merely blueprints the procedure where the appeal is taken under the statute from such an order, judgment or decree.

The motion to dismiss the appeal is denied.