## TRANSAMERICA CORPORATION v. McCABE et al.

### Civ. No. 4175-48.

United States District Court
District of Columbia.

Nov. 3, 1948.

Samuel B. Stewart, Jr., of San Francisco, Cal. and Frank J. Wideman, of Washington, D. C. (Fulton, Walter & Halley, of Washington, D. C., and Hugo A. Steinmeyer, of San Francisco, Cal., on the brief), for plaintiff.

J. Leonard Townsend, Associate Gen. Counsel, Board of Governors of the Federal Reserve System, of Washington, D. C. (George Morris Fay, U. S. Atty. for the Dist. of Columbia, and G. Howland Chase, Asst. Counsel, Board of Governors of the Federal Reserve System, both of Washington, D. C., on the brief), for defendants.

MORRIS, District Judge.

This is an action in which the plaintiff seeks a declaratory judgment and injunc-

tive relief against the defendant members of the Board of Governors of the Federal Reserve System with respect to a proceeding instituted by the Board under the provision of Section 11 of the Clayton Act, 15 U.S.C.A. § 21,[1] in which the plaintiff is charged with violation of Section 7 of the Clayton Act, 15 U.S.C.A. § 18.[2] The complaint in the instant action asserts that the complaint in the administrative proceedings fails to charge a violation of law with sufficient particularity to enable the plaintiff, respondent therein, to make proper answer and defense thereto; that the plaintiff has sought a more particular statement with respect to the alleged violation, which has been denied by the Board; and that the complaint in the administrative proceedings does not set forth "the legal authority and jurisdiction under

---

[1] Sec. 11, Clayton Act, U.S.C.A. § 21, Title 15.

"Authority to enforce compliance with sections * * * 18 * * * of this title by the persons respectively subject thereto is hereby vested: * * * in the Board of Governors of the Federal Reserve System, where applicable to banks, banking associations, and trust companies; * * *

Whenever the commission or board vested with jurisdiction thereof shall have reason to believe that any person is violating or has violated any of the provisions of said sections, it shall issue and serve upon such person a complaint stating its charges in that respect, and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the commission or board requiring such person to cease and desist from the violation of the law so charged in said complaint. Any person may make application, and upon good cause shown may be allowed by the commission or board, to intervene and appear in said proceeding by counsel or in person. The testimony in any such proceeding shall be reduced to writing and filed in the office of the commission or board. If upon such hearing the commission or board, as the case may be, shall be of the opinion that any of the provisions of said sections have been or are being violated, it shall make a report in writing in which it shall state its findings as to the facts, and shall issue and cause to be served on such person an order requiring such person to cease and desist from such violations and divest itself of the stock held or rid itself of the directors chosen contrary to the provisions of sections 18 * * * of this title, if any there be, in the manner and within the time fixed by said order. Until a transcript of the record in such hearing shall have been filed in a circuit court of appeals of the United States, as hereinafter pro-

vided, the commission or board may at any time, upon such notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any report or any order made or issued by it under this section. * * * "

[2] Sec. 7, Clayton Act, U.S.C.A. § 18, Title 15.

"No corporation engaged in commerce shall acquire, directly or indirectly, the whole or any part of the stock or other share capital of another corporation engaged also in commerce, where the effect of such acquisition may be to substantially lessen competition between the corporation whose stock is so acquired and the corporation making the acquisition, or to restrain such commerce in any section or community, or tend to create a monopoly of any line of commerce.

"No corporation shall acquire, directly or indirectly, the whole or any part of the stock or other share capital of two or more corporations engaged in commerce where the effect of such acquisition, or the use of such stock by the voting or granting of proxies or otherwise, may be to substantially lessen competition between such corporations, or any of them, whose stock or other share capital is so acquired, or to restrain such commerce in any section or community, or tend to create a monopoly of any line of commerce.

"This section shall not apply to corporations purchasing such stock solely for investment and not using the same by voting or otherwise to bring about, or in attempting to bring about, the substantial lessening of competition. Nor shall anything contained in this section prevent a corporation engaged in commerce from causing the formation of subsidiary corporations for the actual carrying-on of their immediate lawful business, or the natural and legitimate branches or extensions thereof, or from owning and holding all or a part of the stock of such subsidiary corporations, when the effect of such formation is not to substantially lessen competition. * * * "

which the hearing is to be held." The plaintiff insists that in this situation the declaratory judgment and injunctive relief sought should be granted to prevent irreparable injury, and that such relief should be granted on the further ground that the complaint in the administrative proceedings is insufficient to meet the requirements of the Administrative Procedure Act, approved June 11, 1946, 5 U.S. C.A. § 1001 et seq.

Upon motion a rule was issued to the defendants to show cause why a temporary restraining order and preliminary injunction should not be granted. Before the return of this rule, the defendants filed a motion to dismiss the complaint upon the ground that this Court is without jurisdic-

tion to interfere at an interlocutory stage in the administrative hearing authorized by the Clayton Act. A hearing was had upon the rule to show cause and the motion to dismiss on October 20, 1948. By leave of Court brief and supplementary brief were filed by the plaintiff.

■■ At the threshold it must be pointed out that the statute which authorizes the administrative proceeding here in question specifically provides for complete judicial review of any order directing the plaintiff to cease and desist from any violation of the Act, or to divest itself of any stock held in violation thereof.[3] It is well established that ordinarily relief by judicial action may not be had until an administrative remedy has been exhausted, and cer-

---

[3] Sec. 11, Clayton Act, U.S.C.A. § 21, Title 15.

" * * * If such person fails or neglects to obey such order of the commission or board while the same is in effect, the commission or board may apply to the circuit court of appeals of the United States, within any circuit where the violation complained of was or is being committed or where such person resides or carries on business for the enforcement of its order, and shall certify and file with its application a transcript of the entire record in the proceeding, including all the testimony taken and the report and order of the commission or board. Upon such filing of the application and transcript the court shall cause notice thereof to be served upon such person and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the commission or board. The findings of the commission or board as to the facts, if supported by testimony, shall be conclusive. If either party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material, and that there were reasonable grounds for the failure to adduce such evidence in the proceeding before the commission or board, the court may order such additional evidence to be taken before the commission or board and to be adduced upon the hearing in such manner and upon such terms and conditions as to

the court may seem proper. The commission or board may modify its findings as to the facts, or make new findings, by reason of the additional evidence so taken, and it shall file such modified or new findings, which, if supported by testimony, shall be conclusive, and its recommendation, if any, for the modification or setting aside of its original order, with The return of such additional evidence, the judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari as provided in sections 346 and 347 of Title 28.

"Any party required by such order of the commission or board to cease and desist from a violation charged may obtain a review of such order in said circuit court of appeals by filing in the court a written petition praying that the order of the commission or board be set aside. A copy of such petition shall be forthwith served upon the commission or board, and thereupon the commission or board forthwith shall certify and file in the court a transcript of the record as hereinbefore provided. Upon the filing of the transcript the court shall have the same jurisdiction to affirm, set aside, or modify the order of the commission or board as in the case of an application by the commission or board for the enforcement of its order, and the findings of the commission or board as to the facts, if supported by testimony, shall in like manner be conclusive.

"The jurisdiction of the Circuit Court of Appeals of the United States to enforce, set aside, or modify orders of the commission or board shall be exclusive."

tainly where there is full and adequate statutory review of administrative action, recourse to the District Court for equitable relief to prevent such administrative action cannot be had. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman Steamship Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; and Federal Power Commission v. Arkansas Power & Light Co., 330 U.S. 802, 67 S.Ct. 963, 91 L.Ed. 1261. It is here insisted by the plaintiff that the statutory judicial review is not adequate, and that the plaintiff would suffer irreparable injury if resort to a judicial remedy is delayed until after the administrative proceedings. The complaint does not show such irreparable injury as would justify an exception to the well recognized rules just stated. Several cases are cited which sanction the exercise of equitable intervention in situations which are not here shown to exist. The Supreme Court stated in the case of Myers v. Bethlehem Shipbuilding Corporation, supra, 303 U.S. at page 51, 58 S.Ct. at page 464, 82 L.Ed. 638: "Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."

Moreover, the Supreme Court has said, with particular respect to administrative proceedings where statutory judicial review is provided, "Whatever may be the scope allowed generally for equity to intervene upon the ground of inadequacy of legal remedies, where no explicit congressional command exists for following a prescribed procedure, the problem when such a mandate is present is entirely different from one tendered in its absence. The very fact that Congress has made the direction must be cast into the scales as against the factors which, without that fact, would or might be of sufficient weight to turn the balance in favor of allowing utilization of equity's resources." Aircraft & Diesel Equipment Corp. v. Hirsch et al., 331 U.S. 752, at page 774, 67 S.Ct. 1493, 1504, 91 L.Ed. 1796.

It is urged that the lack of subpoena power in the Federal Reserve Board would work to the prejudice of the plaintiff in securing and offering evidence needed to meet the allegations of the complaint. Should the plaintiff, during the course of the administrative proceedings, be deprived of a fair and adequate hearing because of the lack of such subpoena power, I have not the slightest doubt that the Court of Appeals, either in proceedings to enforce the Board's order, or to review the same, would be competent to require the evidence which was lacking, or give relief to the plaintiff because of the failure to supply the same.[3]

The plaintiff insists that the Administrative Procedure Act qualifies the rules stated in the authorities here cited, as to which said Act was not operative. In so far as it affects the application of the rules to the situation here involved, I am in no doubt that the Administrative Procedure Act left judicial review, when statutory judicial review is provided, where it found it. Unquestionably this Act imposed certain procedures upon administrative action, and equally without question the Act requires a reversal of administrative action where its procedures have not been in accordance with the Act, and prejudice to the aggrieved party has resulted. There can be no doubt that, if the complaint in the administrative proceedings here is as inadequate as the plaintiff insists and, by reason thereof, the rights of the plaintiff are prejudiced by the Board's action, relief can be had when the judicial power comes into play upon the enforcement or review of such action. The requirements of the Administrative Procedure Act are no less important and effective because they are to be enforced by the reviewing court, where statutory review is provided, rather than by a court of equity before final action in the administrative proceedings. The latter would require consideration almost in vacuo.

For the reasons stated, I must conclude that this Court does not have the power to grant the relief sought by the plaintiff, and the complaint must, therefore, be dismissed.