130 F.Supp. 76 (1955)
The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY et al., Plaintiffs,
v.
UNITED STATES of America, Interstate Commerce Commission, et al., Defendants.
Civ. A. No. 9881(1).
United States District Court, E. D. Missouri, E. D.
April 5, 1955.
*77 Albert E. Schoenbeck, St. Louis, Mo., Eugene E. Anderson, Jr. and J. Raymond Clark, Pittsburgh, Pa., and Jos. H. Hays, Amos M. Mathews, James W. Nisbet, Ed White and J. D. Feeney, Jr., Chicago, Ill., for plaintiffs.
Isaac K. Hay, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C. (Edward M. Reidy, Gen. Counsel, Interstate Commerce Commission, Washington, D. C., of counsel), for Interstate Commerce Commission.
Robert D. Evans, John R. Green, II (Green, Hennings, Henry & Evans), St. Louis, Mo., and Floyd F. Shields, Chicago, Ill., for defendants C. & R. Trans. Inc., John Ruan, William Drohan and Daniel D. Carmell, trustees of Keeshin Freight Lines, Inc., debtor and subsidiary debtors, Keeshin Motor Express Co. Inc., Seaboard Freight Lines, Inc., National Freight Lines, Inc., and Keeshin Freight Lines, Inc., and defendant Freuhauf Trailer Co.
James E. Kilday and Charles S. Sullivan, Jr., Spe. Assts. to the Atty. Gen., Stanley N. Barnes, Asst. Atty. Gen., and Harry Richards, U. S. Atty., St. Louis, Mo., for the United States.
Before SANBORN, Circuit Judge, MOORE, Chief Judge, and HARPER, District Judge.
MOORE, Chief Judge.
This is an action brought under Sections 1336, 1398, 2284, and 2321 to 2325 of Title 28 U.S.Code to set aside an order of the Interstate Commerce Commission authorizing defendant C & R Trans., Inc. to acquire control of defendant Keeshin Freight Lines, Inc. and its subsidiary motor carriers, and further authorizing the issuance of certain securities for the financing of such acquisition, which, it is alleged, will place control in defendants John Ruan and Fruehauf Trailer Company, who are alleged to be in control of other motor carriers. The Keeshin companies have been in bankruptcy since 1946, and the Commission order is part of a plan which permits the reorganization of these companies. We are informed that the transactions authorized by the Commission's order were consummated shortly after this suit was filed.
All of the defendants, except the United States and the Commission, have filed motions to dismiss on the ground that the plaintiffs are not parties in interest, and have no standing to maintain this action. The United States and the Commission have filed answers setting up this same defense, however.
The plaintiffs allege in the complaint that they are common carriers by railroad serving the same areas and in competition with the motor carriers involved. They further allege that "Plaintiffs have a direct interest in the enforcement of Section 5 of the Act to the end that no consolidation or joinder under common control of two or more motor carriers should be permitted otherwise than in conformity with Section 5. It is contrary to the interests of plaintiffs for the Commission to approve the proposed transaction contrary to the provisions of Section 5. The National Transportation Policy and the Interstate Commerce Act require that the competition between plaintiffs and the aforesaid motor carriers *78 be regulated and carried out in conformity with the Policy and the Act, including Section 5 thereof, and plaintiffs have a direct interest in the enforcement of the National Transportation Policy and the Act to that end."
Section 205(g) of the Interstate Commerce Act, 49 U.S.C.A. § 305(g), provides:
"Any final order made under this part shall be subject to the same right of relief in Court by any party in interest as is now provided in respect to orders of the Commission made under Part I." (Emphasis added.)
And it has been held in Alton Railroad Co. v. United States, 315 U.S. 15, 62 S.Ct. 432, 86 L.Ed. 586, that Section 205(g) incorporates by reference the "party in interest" provision of Section 1(20) of the Act.
Plaintiffs also refer to Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, but it is clear that that Act merely was a declaration of existing law where judicial review is provided. See Transamerica Corp. v. McCabe, D.C., 80 F.Supp. 704.
Thus the decisions under the Interstate Commerce Act must control the determination of whether the plaintiffs are "parties in interest" within that Act.
There are a number of decisions under these statutes which involve varying factual situations, but none of them are exactly the same as the instant case.
The plaintiffs were permitted to intervene before the Commission, but this alone does not furnish a basis for plaintiffs required "interest". In Pittsburgh & W. Va. Ry. Co. v. United States, 281 U.S. 479, at page 486, 50 S.Ct. 378, at page 381, 74 L.Ed. 980, the Court said: "The mere fact that appellant was permitted to intervene before the Commission does not entitle it to institute an independent suit to set aside the Commission's order in the absence of resulting actual or threatened legal injury to it. Alexander Sprunt & Son v. United States, 281 U.S. 249, 50 S.Ct. 315, 74 L.Ed. [832]."
In this case the Complaint fails to allege that the plaintiffs have suffered or been threatened with any damage or financial injury. It does not allege that any definite legal right of the plaintiffs has been violated, nor that the order of the Commission has created any additional motor carrier service, or increased competition for the plaintiffs. The plaintiffs merely allege that they are in competition with the motor carriers, and that they have a direct interest in the enforcement of the Interstate Commerce Act and the National Transportation Policy.
In Western Pacific California Railroad Co. v. Southern Pacific Co., 284 U.S. 47, at pages 51-52, 52 S.Ct. 56, at page 57, 76 L.Ed. 160, the Court stated:
"The Complainant must possess something more than a common concern for obedience to law. See Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078. It will suffice, we think, if the bill discloses that some definite legal right possessed by complainant is seriously threatened, or that the unauthorized and therefore unlawful action of the defendant carrier may directly and adversely affect the complainant's welfare by bringing about some material change in the transportation situation."
In Chicago Junction Case (Baltimore & Ohio R. Co. v. United States), 264 U.S. 258, 44 S.Ct. 317, 68 L.Ed. 667, the Supreme Court found that the competing rail carriers were "parties in interest" because they had suffered irreparable injury (an annual loss of $10,000,000) and that the acquisition by the defendant railroad of the terminal facilities would prevent the plaintiffs from competing with the defendant on equal terms and subjected them to prejudice and disadvantage.
In Alton Ry. Co. v. United States, 315 U.S. 15, 62 S.Ct. 432, 86 L.Ed. 586, a case *79 heavily relied upon by plaintiffs here, the Court held that rail carriers had standing to maintain a suit to set aside a Commission order granting extensive operating rights to a competing motor carrier because the motor carrier operation threatened to take traffic from the railroads. It is clear from a reading of that case that the order of the Commission directly affected the transportation situation by granting new operating rights which threatened the railroads' traffic. In the present order the railroads are not threatened with any new competition from new operating rights which they have not been subjected to in the past.
Thus it appears that there is here no right of the plaintiffs which may have been violated by the order of the Commission and, furthermore, there is no damage alleged. In other situations it has been held that even where there may be damage, a plaintiff must have some special and peculiar interest which may be directly and materially affected by the action alleged to be unlawful. L. Singer & Sons v. Union Pacific R. Co., 311 U.S. 295, 61 S.Ct. 254, 85 L.Ed. 198. And where there is no violation of a right, no action may be maintained and no right exists to be immune from lawful competition or the unauthorized financing of such competition. Alabama Power Co. v. Ickes, 302 U.S. 464, at pages 479-480, 58 S.Ct. 300, 82 L.Ed. 374.
And in Tennessee Electric Power Co. v. Tennessee Valley Authority, 306 U.S. 118, 59 S.Ct. 366, 369, 83 L.Ed. 543, the Court held one threatened with direct injury by governmental action may not challenge that action "unless the right invaded is a legal right,  one of property, one arising out of contract, one protected against tortious invasion, or one founded on a statute which confers a privilege." There the plaintiffs were held to be without standing to sue because "the damage consequent on competition, otherwise lawful, is in such circumstances damnum absque injuria, * * *."
Though the motor carriers in the instant case may, as a combination under joint control with adequate financial backing, offer stronger competition to the railroads than they did previously, we conclude that the railroads have no "definite legal right" to be immune from this competition and, therefore, are not "parties in interest" who may maintain this suit.
The motions to dismiss will be sustained and the cause dismissed.