**COMMONWEALTH of Massachusetts, DIVISION OF EMPLOYMENT SECURITY, Appellant,**

v.

**UNITED STATES of America et al., Appellees.**

**In the Matter of PROJECTRON CORPORATION, Bankrupt.**

**No. 5402.**

United States Court of Appeals
First Circuit.

Nov. 19, 1958.

**450**

George Broomfield, Asst. Atty. Gen., with whom George Fingold, Atty. Gen., and Chester A. Higley, Chief Counsel, Division of Employment Security, were on brief, for appellant.

David O. Walter, Atty., Dept. of Justice, Washington, D. C., with whom Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., Anthony Julian, U. S. Atty., and Charles F. Barrett, Asst. U. S. Atty., Boston, Mass., were on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

## PER CURIAM.

A notice of appeal filed in the United States District Court for the District of Massachusetts undertakes to bring up to us for review on appeal an order of the district court dismissing on its merits a petition for review of an order by the referee in bankruptcy in the bankrupt estate of Projectron Corporation.

In the bankruptcy proceedings a claim was submitted by the United States, based upon a lien for internal revenue taxes in the amount of $2,387.53. A claim was also submitted by the Commonwealth of Massachusetts, based upon a tax lien for contributions due the Commonwealth under the Massachusetts Employment Security Law, in the amount of $336.50. Since the bankrupt estate was not sufficient to satisfy both these tax liens, a question of law arose before the referee as to which of the two liens had priority. That question was decided by the referee in favor of the United States, and the district court expressed its agreement with this ruling, in dismissing the Commonwealth's petition for review.

Section 24 of the Bankruptcy Act, as amended, contains the following provision (52 Stat. 854 (1938), 11 U.S.C.A. § 47):

> "(a) The United States courts of appeals, in vacation, in chambers, and during their respective terms, as now or as they may be hereafter held, are hereby invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of

fact: *Provided, however,* That the jurisdiction upon appeal from a judgment on a verdict rendered by a jury shall extend to matters of law only: *And provided further,* That when any order, decree, or judgment involves less than $500, an appeal therefrom may be taken only upon allowance of the appellate court."

Our Rule 12, 28 U.S.C.A. provides in part as follows: "Appeals under section 24 [of the Bankruptcy Act] from orders, decrees or judgments involving less than five hundred dollars and under section 250 of the Bankruptcy Act, as amended, 11 U.S.C.A. §§ 47, 650, may be taken only upon allowance by this court. A petition for the allowance of such appeal must be filed with the clerk of this court within the period prescribed by the Act." No such petition for allowance of an appeal was filed in the present case. However, as we recently had occasion to observe in Mario Mercado e Hijos v. Feliciano, 1 Cir., 260 F.2d 500, this failure to file in the court of appeals a petition for allowance of an appeal is merely "a procedural irregularity rather than a jurisdictional defect, and we have power to allow the appeal, treating the notice of appeal filed in the court below as an informal substitute for the application to us."

The Commonwealth, as appellant, concedes that if this appeal is decided in its favor, the most that it can recover is the maximum amount which it claims, namely, $336.50. The possible effect of a judgment in the Commonwealth's favor by way of collateral estoppel, in later litigation involving other tax claims, "cannot be shown to augment the value in controversy in the present case." Sociedad Española de Auxilio Mutuo, etc. v. Buscaglia, 1 Cir., 1947, 164 F.2d 745, 747, certiorari denied, 1948, 333 U.S. 867, 68 S.Ct. 790, 92 L.Ed. 1145.

But the Commonwealth insists that the second proviso of 11 U.S.C.A. § 47, sub. a has nothing to do with this case, since the question at issue is a question of law, not one as to the amount of its tax claim. This contention by the Commonwealth we think is clearly in error. It relies upon some language of the court in Scott v. Jones, 10 Cir., 1940, 115 F.2d 133; but we regard the decision in that case as resting on its special facts, on which the Tenth Circuit held that the claims of creditors were not the issue. It is clear from the statutory language that the proviso was intended to apply to appeals involving either findings of fact or conclusions of law or both. Granting this, the Commonwealth seems to present a routine challenge by a disappointed creditor whose claim was not satisfied. Despite the dignity of the competing claimants and the alleged difficulty of the underlying question of law, we fail to find in this case any distinction from the ordinary claimant's appeal which must be governed by the proviso if it is to have any meaning. Nor is the case at bar distinguished by any "special equity".

It is true, in the present case the United States as appellee appears to be just as anxious as is the appellant to obtain a ruling by us on the question of law. But we cannot regard the failure of the appellee to take the initiative of filing a motion for dismissal for lack of jurisdiction as the equivalent of a "special equity" which should move us, as a matter of discretion, to ignore the procedural irregularity and grant leave to appeal. If it were, the acquiescence by the appellee would practically result in the elimination of the distinction which the Congress has seen fit to write into the foregoing provision of the Bankruptcy Act.

A judgment will be entered dismissing the appeal for lack of jurisdiction.