**AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 5515.

United States Court of Appeals
First Circuit.

May 21, 1959.

Edward Schneider, Harold Rosenwald, Maurice Epstein, and Schneider, Bronstein & Shapiro, Boston, Mass., for Geilich Tanning Co. on motion for leave to intervene.

Arthur J. Flamm, Boston, Mass., for petitioner.

Marcel Mallet-Prevost, Washington, D. C., for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This case was initiated by the filing of a petition on behalf of the Union asking us to review and set aside a decision and order of the National Labor Relations Board adverse to it. We have before us a motion by Geilich Tanning Company under our Rule 16(6), 28 U.S.C.A., for leave to intervene as a party respondent with a view to supporting the Board's order, along with the Board. The grounds of this motion are stated to be that the Company participated as a party in the administrative proceedings before the Board, and that the Company is directly interested in the results of this proceeding because it will be substantially and immediately affected by the fate of the Board's order. The petitioner

Union and the Board have both consented to the intervention by the Company.

■ In the light of the Supreme Court's decision in Amalgamated Utility Workers (C.I.O.) v. Consolidated Edison Co., 1940, 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738, it is apparent that the Company is not given any enforceable rights by a decision of the Board under the National Labor Relations Act. On the contrary, the Act vests in the Board full power, authority and discretion with regard to the enforcement of its orders. Moreover we assume, and the movant does not deny, that the Board will adequately represent the legitimate interests of the Company in defending against the Union's petition to set aside the Board's order.

■■ The mere fact that the Company participated in the proceedings before the administrative agency is clearly not a sufficient ground, in itself, for the Company to intervene in a judicial review proceeding. Cf. Atchison, Topeka & Santa Fe Ry. Co. v. United States, D.C.E.D. Mo.1955, 130 F.Supp. 76, affirmed 1955, 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785. Nor can the stipulation of the parties create a standing to intervene. Cf. Commonwealth of Massachusetts Division of Employment Security v. United States, 1 Cir., 1958, 261 F.2d 449. The Company's desire to help sustain the administrative order proves that it has no standing as a "person aggrieved" under § 10(f) of the National Labor Relations Act, 61 Stat. 148 (1947), 29 U.S.C.A. § 160(f). Compare N.L.R.B. v. Corning Glass Works, 1 Cir., 1953, 204 F.2d 422, 35 A.L.R.2d 408.

■ Since we are clear that in the ordinary case a private party should not be allowed to intervene in Labor Board litigation on the side of the Board,

An order will be entered denying the motion.